Argued October 16, decided October 23, 1913.

## EQUITABLE LOAN ASSN. *v.* HEWITT.

### (135 Pac. 864.)

**Mortgages—Building Loan—Application of Proceeds.**

1. Where plaintiff accepted an application for a building loan secured by a mortgage on the property, retaining the money for its own protection against liens and agreeing to pay out the same as the work progressed, it was plaintiff's duty to see that the money was applied only on the expense of erecting the dwelling, and hence it could not recover or enforce the mortgage lien for such part of the proceeds as was paid to the contractor and used by him for other purposes.

**Mortgages—Foreclosure—Extent of Lien—Building Loan—Assignment of Liens.**

2. Where a building loan mortgage provided that the mortgagee might pay off the liens if any were created and that they should become a part of the mortgage debt, but the whole amount of the mortgage was retained by the mortgagee to satisfy building claims against the property, the mortgagee was not entitled to enforce the lien for money paid to satisfy mechanics' liens in excess of the amount of the mortgage, in the absence of proof that the latter amount had been expended in the erection of the building.

From Multnomah: HENRY E. McGINN, Judge.

Department 2.    Statement by MR. JUSTICE EAKIN.

This is a suit by Equitable Savings & Loan Association, a private corporation, against John D. Hewitt

and N. Mabel Hewitt, his wife, C. C. Shay and Mary G. Wright, widow, to foreclose a mortgage given to secure the payment of the sum of $2,500, and to recover from the defendants certain sums paid in canceling mechanics' liens, permitted by defendants to be filed against the mortgaged property in violation of the terms of the mortgage. The facts are: The defendant Mrs. Wright purchased a lot, and, desiring to build a dwelling thereon, entered into a contract with defendant Shay to build a house for the sum of $3,000. At his request Mrs. Wright was to have the lot conveyed to defendant Hewitt in trust, for the purpose of negotiating a loan of $2,500 from the plaintiff, payable in monthly installments. This was done, and thereupon Hewitt conveyed the property to Mrs. Wright, subject to the mortgage. Shay then sublet the contract to build the house to Hewitt. It is alleged by defendant Mrs. Wright that the loan was made with full knowledge that it was negotiated for her for the purpose of building the house, and that the plaintiff was to hold the money and to direct the payment thereof upon the cost of the erection of the building for her as the building should progress, in accordance with the rules of the plaintiff in making building loans. Before the house was completed, Hewitt abandoned it. He drew all the $2,500 loan from the plaintiff, and left many bills unpaid. The materialmen and laborers filed liens for their claims; and to save itself plaintiff paid them as the mortgage provided it might do, taking assignments of the liens, which liens are set up in the complaint for the purpose of adding them to the mortgage and having them paid out of the proceeds of the sale of the property, and prays for judgment and foreclosure of the mortgage accordingly.

Mrs. Wright, who alone defends, pleads a former adjudication of the same matter, alleged in the com-

plaint as a bar and estoppel to this suit. The former suit to foreclose the same mortgage and to recover the amount paid to cancel the mechanics' liens was commenced September 13, 1907. From a decree in plaintiff's favor, defendant appealed to this court, and this court reversed the decree of the Circuit Court. The mandate found that the allegations of the complaint were not sustained by the evidence and that plaintiff was not entitled to the relief prayed, and decreed that the complaint and suit be dismissed. Six other separate defenses also were pleaded, namely, that plaintiff paid all of said money during the erection of said building to Hewitt without reference to defendant's interest or the application thereof in the erection of the building, in violation of its duty to defendant, when, if applied to the payment for the material and labor expended upon said house, there would have been no liens thereon. There were other defenses as to the sufficiency of the liens and the assignments thereof to the plaintiff, and also allegations that prior to the commencement of the action defendant tendered to plaintiff the sum of $958.08, the amount of the monthly payments overdue, and also the principal sum and interest, which defendant tendered into court with her answer. Plaintiff demurred to each of the separate defenses, which was sustained as to the first and overruled as to the others. The court found that the conditions of the mortgage have not been broken, but that plaintiff is entitled to take and receive the $3,049 tendered by defendant, and dismissed the suit. Plaintiff appeals from the decree, and defendant appeals from the order of the court sustaining the demurrer to the first separate answer.            AFFIRMED.

For appellant there was a brief over the names of *Mr. John T. McKee,* and *Cake & Cake,* with oral arguments by *Mr. William M. Cake* and *Mr. McKee.*

For respondent there was a brief over the name of *Masters, Brice & Masters,* with an oral argument by *Mr. W. Y. Masters.*

MR. JUSTICE EAKIN delivered the opinion of the court.

1. When plaintiff made the loan and accepted the mortgage, it did not deliver the money either to Hewitt or to defendant Mrs. Wright, but retained it for its own protection against liens on the mortgaged property. The property evidently was a vacant lot, and the building of the house was contemplated by plaintiff as a basis for making the loan. Otherwise it would not have made the loan. Therefore, for its own protection, as well as for the protection of the owner, it should have diligently paid the money only upon the expense of the erection of the dwelling; but, as appears by the evidence, through its overconfidence in Hewitt, it carelessly and wrongfully paid the money over to Hewitt regardless of its application. McKercher, its secretary, testified that he did not know that Mrs. Wright was the real owner of the property, but later admits that the matter of the loan was on plaintiff's books in the name of Mrs. Wright, and that as soon as the construction was commenced, which he says was immediately upon the making of the loan, it was considered as Mrs. Wright's house. He said: "Of course, all the money we loaned to the property is assumed to go into that particular house." Then he admits that all the money did not go into the house; that "some money somewhere has been sadly diverted in this proposition; but I confess I don't understand it to this day." Yet it was his business to know where the money went. The testimony of Hewitt is not convincing upon any matter of which he speaks, except that he used the money on other houses as well as on

this one.  He kept no accounts, does not recollect what any work or material cost, nor can he or anyone give the cost of the building.  When plaintiff undertook to hold the money to see that it was paid out to the proper parties, it was responsible for not doing it.

2. There is some question raised as to the legality of the assignments of the liens, but this we deem immaterial, as by the terms of the mortgage the plaintiff was authorized to pay off the liens if any were created, and that they should thus become a part of the mortgage debt.  This right depends on the terms of the mortgage, and not on the title to the liens.  This suit is not one to foreclose the liens.  The liens have expired by lapse of time, and would not operate to defeat plaintiff's right to recover if they existed and if plaintiff paid them over and above the money it held for that purpose; but it was its duty to pay these claims independently of the liens before they were perfected, until the $2,500 should be exhausted.  Therefore, to entitle plaintiff to recover for these claims, the burden was on it to show the application of the money to the purposes for which it was retained, and that these claims were incurred in the erection of the house over and above the $2,500, in plaintiff's hands.  This does not appear.  Therefore these were claims which it was plaintiff's duty to pay and for which it cannot recover. It is not sufficient for it to say that it paid over the money to Hewitt, the mortgagor, as the money was retained from Hewitt to pay these bills; and long before any of it was paid out, namely, immediately after the making of the loan, if not before, plaintiff knew that the money was for the use of Mrs. Wright.  It is contended by it that the house cost $4,000, that defendant should not be relieved from paying the difference between that and the amount of the loan, and that Shay was her agent in the erection of the building.  To the

extent necessary to make defendant liable, he is made so by the statute, but as to representing her he was not her agent, being the original contractor for $3,000, $500 of which was paid to him, and Hewitt was a subcontractor for $2,500. There is no evidence of any facts that show or tend to show that the house cost more than $3,000.

Error is also assigned to the finding of the court that the defendant tendered into court $3,049, being the full amount of the mortgage debt with interest, that there has been no breach of the terms of the mortgage and that the suit should be dismissed. The record shows this to be the fact, and it is undisputed. Therefore there was no error. This renders it unnecessary to consider the alleged error of the court in sustaining the demurrer to the first separate answer.

The decree is affirmed.          AFFIRMED.

MR. CHIEF JUSTICE MCBRIDE, MR. JUSTICE BEAN and MR. JUSTICE MCNARY concur.