(December 18, 1897.)

## BUNNELL AND ENO INVESTMENT COMPANY v. CURTIS.

### [51 Pac. 767.]

MORTGAGE—DEFECTIVE ACKNOWLEDGMENT—MAY BE REFORMED.—If the acknowledgment of a married woman to a deed or other instrument is correctly made, but defectively certified, such certificate of acknowledgment may be reformed by judgment of the district court, under the provisions of title 6, chapter 3, of the Civil Code, so as to make the certificate correctly state the acknowledgment.

CIVIL PROCEDURE—TO SET ASIDE AN ERRONEOUS JUDGMENT NOT BY MOTION.—An erroneous judgment cannot be set aside on motion or application made more than six months after judgment; and when, on motion to set aside a judgment, it appears that the court had jurisdiction of the subject matter of the action, and of the person of the defendant, the motion should be denied, however erroneous the judgment may be, the remedy of the aggrieved party being by appeal, and not by motion.

PRESUMPTIONS AS TO FINDINGS OF TRIAL COURT.—In the absence of showing to the contrary, it will be presumed that the trial court made all necessary findings of fact, or that such findings were waived.

(Syllabus by the court.)

APPEAL from District Court, Ada County.

John T. Morgan, for Appellant.

The mortgage not being acknowledged as the statute requires is absolutely void. The certificate of acknowledgment of a deed

by a married woman cannot be corrected upon parol testimony. The following statutes govern and control the transfer of the real estate of a married woman: "Section 2922. No estate in the real property of a married woman passes by any grant or conveyance purporting to be executed or acknowledged by her, unless the grant or instrument is acknowledged by her in the manner prescribed in chapter 3 of this title, and her husband, if a resident of this state, joins with her in the execution of such grant or conveyance." "Section 2956. The acknowledgment of a married woman to an instrument purporting to be executed by her must not be taken unless she is made acquainted by the officer with the contents of the instrument, on an examination without the hearing of her husband, nor certified unless she thereupon acknowledges to the officer that she executed the instrument, and that she does not wish to retract such execution." Without such acknowledgment the deed is absolutely void and has no more vitality than so much blank paper. Its execution could be proved in no other possible way. (Devlin on Deeds, sec. 548, and cases there cited; *Martin v. Dwelly,* 6 Wend. 9, 21 Am. Dec. 245.) The deed of a married woman of her separate property, except it is acknowledged by her in accordance with the statute, is absolutely void. And her agreement to convey even with the consent of her husband, for the sale of her real estate is absolutely void, and courts of equity never enforce such a contract. (*Leonis v. Lasserovitch,* 55 Cal. 55, 56.) The deed of a *feme covert* is void, if it does not appear from the certificate of her acknowledgment that she was examined separate and apart from her husband. Stating that she voluntarily consented will not cure the defect, nor will the testimony of the officer be admissible to prove a separate examination. The latter point was decided in *Watson v. Bailey,* 1 Binn. 470, 2 Am. Dec. 462; *Jourdan v. Jourdan,* 9 Serg. & R. 268, 11 Am. Dec. 724. A deed can be reformed as against a man, because the acknowledgment is not a part of the execution, but as against a married woman, the deed cannot be reformed, because there would not be a free and voluntary execution of the same. An agreement to convey property duly signed and executed by a married woman cannot be enforced as against her in a court of equity. (*McLeran v. Ben-*

*ton,* 43 Cal. 467; *Leonis v. Lazzerovitch,* 55 Cal. 55; *Livingston v. Kettelle,* 1 Gilm. 116, 41 Am. Dec. 170.) Parol evidence will not be received to show that when a married woman made her acknowledgment she knew the contents of the deed and received money for executing it. (*Barnet v. Barnet,* 15 Serg. & R. 72, 16 Am. Dec. 518; *Williams v. Cudd,* 26 S. C. 213, 4 Am. St. Rep. 714, 2 S. E. 14; *Knowles v. McCauley,* 10 Paige, 342; *Watson v. Bailey,* 1 Binn. 470, 2 Am. Dec. 462; *Russel v. Ramsay,* 35 Ill. 363.) The judgment is void; therefore a motion to vacate and set it aside is the proper remedy and may be made at any time. (*Chipman v. Bowman,* 14 Cal. 157; *Logan v. Hellegrass,* 16 Cal. 200; *Sanchez v. Carriaja,* 31 Cal. 170; *Murdock v. De Vries,* 37 Cal. 527; *Gille v. Emmons,* 58 Kan. 118, 48 Pac. 569.)

S. L. Tipton and J. H. Richards, for Respondent.

If she did acknowledge it in the manner prescribed, but the officer makes a mistake in his certificate, are those who part with their money on such acknowledgment correctly taken, but defectively certified, remediless? No. Our legislature in its wisdom provides for just such an emergency by enacting section 2971 of the Revised Statutes of Idaho, which says: "When the acknowledgment or the proof of the execution of an instrument is properly made, but defectively certified, any party interested may have an action in the district court to obtain a judgment correcting the certificate." The certificate of acknowledgment of a married woman is not an essential part of the execution of a conveyance by her. Respondent contends that section 2498 of the Revised Statutes of Idaho prescribes the manner, and the only manner, in which a married woman can alienate her separate real estate by mortgage, or otherwise: 1. The instrument purporting to convey her property must be in writing; 2. Such instrument in writing must be signed by the husband and the wife; 3. Such instrument in writing signed by both husband and wife, must be acknowledged by her, upon an examination separate and apart from her husband. (*Joseph v. Daugherty,* 60 Cal. 358; *Banbury v. Arnold,* 91 Cal. 606, 27 Pac. 934.) The certificate of acknowledgment is not an essential part of the execution of a conveyance by a married woman. (*Dang-*

*larde v. Elias,* 80 Cal. 65, 22 Pac. 69; *Banbury v. Arnold,* 91 Cal. 606, 27 Pac. 934.) In conformity with section 2971 of the Revised Statutes, an action was commenced in the district court of Ada county, Idaho, by respondent, an interested party to correct such certificate, and the district court rendered a judgment correcting such certificate, and the motion to vacate and set aside such judgment was made, alleging such judgment was void because such court had no authority to render such judgment, and this, in our judgment, is the real and only point raised by such motion. On the contention that the district court had authority to render such judgment, we cite the following: *Johnson v. Taylor,* 60 Tex. 269; *Wedel v. Herman,* 59 Cal. 507; *Judson v. Porter,* 53 Cal. 482; *Killburn v. Fury,* 26 Ohio St. 153; *Grath v. Fort,* 15 Lea (Tenn.), 683; *Spencer v. Reese,* 165 Pa. St. 158, 30 Atl. 722; *Danglarde v. Elias,* 80 Cal. 65, 22 Pac. 69. Can such defective certificate be corrected in the action to foreclose the mortgage? In answer we cite the following: *Hutchinson v. Ainsworth,* 63 Cal. 286; S. C., 73 Cal. 452, 2 Am. St. Rep. 823, 15 Pac. 82. Respondent contends that on motion to set aside a void judgment such invalidity must appear from an inspection of the judgment-roll only. (*Jacks v. Baldez,* 97 Cal. 91, 31 Pac. 899; *Ray v. Ray,* 1 Idaho, 705; *Purdy v. Still,* 1 Idaho, 216; *Gamble v. Dunwell,* 1 Idaho, 268; *Smith v. Sterling,* 1 Idaho, 128; *Graham v. Linchon,* 1 Idaho, 780; *People v. Dodge,* 104 Cal. 487, 38 Pac. 203; *People v. Temple,* 103 Cal. 447, 37 Pac. 414; *People v. Harrison,* 84 Cal. 607, 24 Pac. 311.)

QUARLES, J.—This action was commenced by the plaintiff to foreclose a mortgage. Judgment of foreclosure was rendered April 6, 1895. On February 3, 1897, the defendant Susan L. Curtis served notice of motion and statement of motion to set aside the judgment, for want of jurisdiction in the court to render said judgment, which motion was heard on February 26, 1897, and, by order of the trial court, overruled, from which order said defendant appeals.

· The principal contention of the appellant is that the mortgage in question was void, for the reason that the acknowledgment thereto was not made and certified in the manner re-

quired by law. The certificate, or that part of it in question, is as follows: "And the said Susan L. Curtis, wife of the said Edward J. Curtis, having been by me first made acquainted with the contents of said instrument, acknowledged to me, on examination apart from and without the hearing of her husband, that she executed the same freely and voluntarily, without fear or compulsion or undue influence of her husband, and that she does not wish to retract the execution of the same." Said mortgage was acknowledged before Jonas W. Brown, notary public, November 13, 1892. The complaint alleges facts showing that said Susan L. Curtis acknowledged said mortgage in the manner required by law, and asked for a reformation of said certificate of acknowledgment. The judgment corrected or reformed the certificate, so as to make it conform to the facts. The appellant urges with much seriousness that said certificate of acknowledgment was void; that the certificate is a part of the mortgage, and cannot be reformed; that the acknowledgment is shown by the certificate to be void; and that, the acknowledgment being void, the mortgage was void; and that the court had no jurisdiction to reform the certificate of acknowledgment, or to render judgment foreclosing said mortgage.

Title 6 of chapter 3 of the Civil Code of Idaho, covering sections 2950 to 2976, inclusive, of the Revised Statutes, contains all of the statutory law of Idaho relating to acknowledgments of instruments both by married as well as by unmarried persons. This chapter covers all acknowledgments, and points out and directs how they shall be made, and how certified; and, after directing how acknowledgments shall be made and certified, said chapter, at section 2971, provides as follows: "When the acknowledgment or proof of the execution of an instrument is properly made, but defectively certified, any party interested may have an action in the district court to obtain a judgment correcting the certificate." In said chapter the legislature have provided all necessary rules relating to the acknowledgment of instruments, and the certification thereof, and have provided for the correction of defective certificates of acknowledgment. Appellants contend that section 2971, above quoted, does not apply to certificates of acknowledgment by married women. To

this view we cannot assent. Said section makes· no exception as regards the certificate of acknowledgment of a married woman. In the preceding sections of said chapter the manner of proving the execution of instruments by single persons and by married women is provided, as is also the manner of preserving the evidence of such execution. Section 2971, *supra,* refers to, and was intended to refer and apply to, all defective certificates of acknowledgment, whether made by single or married persons; and we could not hold otherwise without interjecting a provision into said chapter of the code which is not there, and which the legislature evidently intended should not be incorporated into said chapter. It is urged that if section 2971, *supra,* is held to apply to certificates of acknowledgment of a married woman, it will be injurious to the rights of married women, and that their interests require that the said section be held to not apply to acknowledgments of married women. We cannot agree with this proposition. By way of illustration: Suppose a married woman is compelled to acknowledge a deed or mortgage of the homestead in the presence of her husband, contrary to her wishes; but the officer taking the acknowledgment, either intentionally or inadvertently, certifies that she acknowledged it on examination apart from and without the hearing of her husband, freely and voluntarily. Or, to suppose another case, the wife on privy examination refuses to acknowledge the execution of such deed or mortgage, but the officer corruptly certifies that she did acknowledge it, etc. If the rule contended for should be adopted, the married woman would have no relief in either of the above cases. Again, a married woman buys real property from a man who, with his family, resides upon it; and he and his wife properly acknowledge the deed, but the officer who takes the acknowledgment, by mistake or oversight, fails to state one of the necessary facts which exists, and his certificate is defective. The rule contended for would preclude the married woman, who is the purchaser, from that relief which one man would have against another man under the same circumstances and which fairness and justice should give to one woman against another woman, although both of them should be married. We think the rule contended for would be detrimental to the interests of married women,

and would make the certificate of acknowledgment of more
importance than the acknowledgment of the execution of the
instrument. The acknowledgment of the execution, while no
part of the instrument itself, is a part of the execution of
the instrument. But the certificate of acknowledgment made
by the officer who takes the acknowledgment is no part of
the instrument, is no part of the execution of the instru-
ment, but is merely evidence of the execution of the in-
strument. The object of the statute is to promote truth
and justice, and to give effect to the contract of the parties,
whether married or single, by permitting the evidence of ex-
ecution of an instrument that has been properly executed, but
incorrectly certified, to be corrected so as to conform to the
truth, and we do not think that the legislature intended that
married women should be excluded from the operation of this
beneficent rule. We therefore hold that the trial court had
jurisdiction to reform the certificate of acknowledgment of ap-
pellant.

It is urged, however, that the judgment reforming said cer-
tificate of acknowledgment was based upon a stipulation of the
attorneys for the respective parties, and not upon evidence, and
that there are no findings of fact in the case made by the trial
court, as required by sections 4406 and 4407 of the Revised
Statutes. This is an appeal from an order made after judg-
ment, and by section 4819, of the Revised Statutes, the papers
to be used on this appeal are "notice of appeal," "judgment or
order appealed from," and all "papers used on the hearing in
the court below"; and by section 4821 of the Revised Statutes,
the copies of the papers used on the appeal must be certified
to be correct by the clerk or the attorneys. The certificate of
the clerk to the transcript before us is as follows:

"State of Idaho, } ss.
County of Ada. }

"I, Charles S. Kingsley, clerk of the district court of the
third judicial district of the state of Idaho, in and for the
county of Ada, do hereby certify that the above and foregoing
copies are full, true, and correct copies of the complaint, sup-
plemental complaint, exhibit 'A' attached, answer of Susan L.

Curtis, three (3) stipulations of counsel, decree of court, notice of motion, motion, order overruling motion, and notice of appeal, with indorsements thereon, and that the same are all the papers used on the hearing in the said district court on the motion to set aside the judgment and sale of real estate, in the case of The Bunnell & Eno Investment Co., Plaintiff, v. Susan L. Curtis et al., Defendants, and that an undertaking on appeal, in due form, has been properly filed in said cause. Witness my hand and the seal of said court, this twentieth day of May, A. D. 1897.

"[Seal]    CHARLES S. KINGSLEY,
"Clerk, District Court, Ada County, Idaho."

And, in addition to the foregoing certificate of the clerk, the judge who tried the motion made the following certificate:

"State of Idaho,  ⎫
County of Elmore. ⎬ ss.
              ⎭

"I hereby certify the above and foregoing papers are all that were used on the motion to set aside the judgment and decree heard in the district court in and for Ada county on the twenty-fifth day of February, 1897.

"C. O. STOCKSLAGER,
"District Judge."

We are unable to tell from the transcript before us all that is contained in the judgment-roll in this case. We are not authorized to conclude that the trial court rendered judgment in this case without evidence, or upon the said stipulation. Nor can we tell from the record before us whether findings of fact were made by the trial court or not. There is no evidence before us as to whether there were findings of fact or not, or whether such findings were waived or not. In the absence of evidence on these points, one of two presumptions exists, to wit, that the trial court made all necessary findings, or that such findings were waived. The record before us shows conclusively that the trial court had jurisdiction of the subject matter of the action, and of the persons of the defendants. This being true, the judgment, however erroneous it may be, is not void.

If the judgment is erroneous, the remedy of the defendants was by appeal, or motion for new trial, and not by motion to set the judgment aside, made after the lapse of more than six months from the rendition of judgment. The order appealed from is affirmed, with costs to the respondent.

Sullivan, C. J., and Huston, J., concur.