(June 4, 1901.)

## McCORNICK v. FRIEDMAN.

### [65 Pac. 440.]

JUDGMENT — COLLATERAL ATTACK — FINDINGS — PRESUMPTIONS. — Where a judgment is attacked collaterally upon the ground that no findings of fact were made, signed and filed by the judge, the validity of such judgment is to be determined from the judgment-roll, and if it appears therefrom that the court rendering it is a court of general jurisdiction, and had jurisdiction of the parties, and subject matter of the action, the law presumes that findings of fact were in their absence waived, unless the judgment-roll affirmatively shows that such findings were not waived.
(Syllabus by the court.)

APPEAL from District Court, Blaine County.

P. M. Bruner and Frank Pierce, for Appellant.

When the record fails to affirmatively show that findings of fact were not waived the presumption is that they were waived. (*Parker v. Beagle,* 4 Idaho, 453, 40 Pac. 61.) The statute permits the waiver of findings. They are not jurisdictional. (Rev. Stats. 1887, sec. 4408; *Richardson v. Eureka,* 110 Cal. 446, 42 Pac. 965; *Campbell v. Coburn,* 77 Cal. 36, 18 Pac. 860; *Mulcahy v. Glazier,* 51 Cal. 626; *People v. Forbes,* 51 Cal. 628; *Reynolds v. Brumagim;* 54 Cal. 254; *Glenn v. Arnold,* 56 Cal.

631; *Weeks v. Mining Co.,* 73 Cal. 602, 15 Pac. 302; *In re Arguello,* 85 Cal. 151, 24 Pac. 641; *Goyhinech v. Goyhinech,* 80 Cal. 410, 22 Pac. 175; 1 Freeman on Judgments, 4th ed., sec. 135; 1 Black on Judgments, sec. 185.) It is unnecessary for the judge to sign the judgment. It is good if the clerk enter the judgment. The judgment entered in the judgment-book is a judicial record. It is an official entry of the proceedings of a court. (Sec. 5973; 2 Freeman on Judgments, 4th ed., sec. 409; 1 Black on Judgments, sec. 109; *California Southern R. R. Co. v. Southern Pac. R. R. Co.,* 67 Cal. 62, 7 Pac. 123; *Jorgensen v. Griffin,* 14 Minn. 464; *Fontaine v. Hudson,* 93 Mo. 62, 3 Am St. Rep. 515, 5 S. W. 692; 1 Freeman on Judgments, 4th ed., sec. 50e; *Clapp v. Hawley,* 97 N. Y. 610.) This is a collateral attack on the judgment. Collateral attacks are not allowed. (1 Black on Judgments, secs. 245, 252, 261, and cases cited.)

Lyttleton Price and Texas Angel, for Respondents.

The question of presumption of waiver of findings does not arise here, as it would on appeal from a judgment when there were no findings and the record failed to show they were not waived, as in the cases cited by the appellant, all of which follow *Mulcahy v. Glazier,* 51 Cal. 626. This is not an appeal from a judgment claiming error for want of findings. Where there are no findings, unless waived in the mode required by the statute, the judgment cannot stand. (*Dowd v. Clarke,* 51 Cal. 262; *Mace v. O'Reilly,* 70 Cal. 231, 11 Pac. 721; *Savings etc. Soc. v. Thorne,,* 67 Cal. 53, 7 Pac. 36; *Connolly v. Ashworth,* 98 Cal. 206, 33 Pac. 60; *Broder v Conklin,* 98 Cal. 362, 33 Pac. 211.)

QUARLES, C. J.—This is an action in ejectment to recover certain real estate. Upon the trial the plaintiff, who is appellant here, offered in evidence the judgment-roll in an action commenced by the Salt Lake Milling and Elevator Company against S. M. Freidman, one of the defendants in this action, in which action the plaintiff recovered judgment for the sum of $1,321.03, with costs taxed at fifty-two dollars and fifty-five cents, December 7, 1893. Upon this judgment an execution was issued on

December 5, 1895, and levied upon said property, and after due advertisement the sheriff of Blaine county sold said premises, at which time and place the same were struck off and sold, under said execution sale, to the judgment plaintiff, the Salt Lake Milling and Elevator Company, and certificate of sale duly executed to it by the said sheriff. Afterward said purchaser assigned and transferred its said purchase to the appellant, to whom the sheriff of said county executed a sheriff's deed for the premises in question to the appellant. These facts are set forth in the complaint, and it is also alleged that the value of the use and occupation of said premises from the 26th of January, 1896, to the time the action was commenced, was and is the sum of thirty dollars per month, and plaintiff demands judgment for the possession of said premises and the sum of $1,440 for the use and occupation thereof. The answer does not deny the recovery of the said judgment; nor does it deny the issuance of the execution thereunder, nor the sale under such execution, nor the execution of said certificate of sale, nor the purchase by appellant from the purchaser at said sale; nor does it deny the execution of the said deed by the sheriff. The answer does deny that the defendant S. M. Friedman was the owner, and alleged a conveyance of said premises to said defendant Friedman to the defendant Henry M. Cohn, which conveyance is alleged to have been made on December 7, 1893, the date that said judgment was entered and docketed. Defendant further alleges a conveyance from the defendant Henry M. Cohn to the defendant Emil M. Friedman. The answer further alleges: "And the defendants further answer that the plaintiff and his predecessors in interest never acquired any claim upon or interest in or to said premises by virtue of the judgment or execution, certificate of sale, or sheriff's deed, set forth in the complaint, against the said Henry M. Cohn or Emil M. Friedman; and deny that the plaintiff is or ever was entitled to the immediate, or any, possession of said premises, or that he or his grantor has ever been entitled to the use or occupancy, possession, or control of said premises, or any part thereof, or that the plaintiff is entitled to the sum of thirty dollars per month, or any sum whatever, from these defendants, or either of them,

for the use or occupancy of said premises; and deny that the said deeds of conveyance to Henry M. Cohn, and from him to the defendant Emil M. Friedman, are or were subsequent to or subject to the alleged lien of said judgment mentioned in plaintiff's complaint, or that the said defendants Cohn or Friedman, or the other defendants, were fully or partially aware of any alleged lien or claim of the plaintiff against said premises; and deny that the defendants have either wrongfully or unlawfully, during all the time mentioned in the complaint or otherwise, held possession of said premises, or wrongfully or unlawfully refused to deliver the same to the plaintiff, but held and possessed the same as the property of Henry M. Cohn and Emil M. Friedman, as they at all times during the times mentioned in the complaint had held and now lawfully hold the same, and claim the lawful right to hold and possess the same as their own estate and property."

It will thus be seen that the rendition, entry, and docketing of said judgment, the issuance of execution thereunder, the sale of the premises in dispute at execution sale, and the execution of sheriff's deed to appellant, were all admitted by the pleadings. The cause came on for trial before the court and a jury. When the plaintiff offered in evidence said judgment-roll, the defendants objected, upon the ground that no findings of fact appeared in said judgment-roll. This objection the court sustained. The plaintiff then offered in evidence the original judgment book of the court, showing the judgment under which said execution issued, to which defendants objected, and which objection the court sustained. The plaintiff then offered in evidence the execution and return thereof, showing levy and sale and certificate of sale, and sheriff's deed, to which the defendants objected, and which objection was sustained by the court. These objections were all sustained upon the idea that, no findings appearing in the judgment-roll, the court did not, in the original action, have jurisdiction to render the judgment, and that the judgment for that reason was void. The defendants then moved for a peremptory instruction, which motion was granted by the court in the following language: "Gentlemen of the Jury: By reason of the court's

ruling upon a number of questions that have come up—that is, the legal questions in this case—the court practically takes the issues out of your hands, and assumes the responsibility of deciding this case itself, and for that reason will give you this instruction: You are instructed to find a verdict in this case in favor of the defendants. You will sign this verdict, if you find it to be yours, by your foreman." To the giving of this instruction the appellant then and there duly excepted. The jury brought in a verdict in accordance with said instruction, whereupon judgment was entered in favor of the defendants. The plaintiff moved for a new trial, which being denied, he brings this appeal from the judgment and also from the order denying a new trial.

It is urged by appellant that the court erred in refusing to permit the introduction of the said judgment-roll and proceedings thereunder in evidence; that the absence of findings of fact did not render the judgment void, the presumption being, in the absence of an affirmative showing to the contrary, that the findings of fact in the original action had been, under the statutes, waived. This contention is undoubtedly correct. Upon a direct attack by way of appeal, writ of error, or an action to set aside the judgment, all presumptions and intendments are in favor of the judgment of a court of general jurisdiction, where it appears that the court rendering such judgment had acquired jurisdiction over the parties to the action and the subject matter thereof. Upon a direct attack of this kind such presumption may be overcome, where it is made to appear affirmatively that no findings of fact were made in a case tried by the court and that such findings were not waived; but unless it is made to appear affirmatively that no findings were made, and that such findings were not waived as authorized by the provisions of our code, the presumption is that such findings were waived. (*Parker v. Beagle*, 4 Idaho, 453, 40 Pac. 61; *Lowe v. Turner*, 1 Idaho, 108; *Hazard v. Cole*, 1 Idaho, 276; *Investment Co. v. Curtis*, 5 Idaho, 652, 51 Pac. 767.) As heretofore shown, there was no attack upon the judgment rendered in the action brought by the Salt Lake Milling and Elevator Company by the defendants in their

answer.   Hence the existence of said judgment and its validity were unquestioned, and it was unnecessary for the plaintiff to introduce the same in evidence.   It follows, therefore, that the peremptory instruction granted by the court was improper, and the court should not have taken the case from the jury.   The attack made by the defendants upon said judgment by way of objection to its introduction upon the ground that the judgment-roll showed no findings of fact is a collateral attack, and it is a well-settled rule that upon such attack evidence *aliunde* the record is inadmissible.   The validity of the judgment, on such attack, is to be determined from the record alone.   Upon a collateral attack the judgment of a court of general jurisdiction, which has acquired jurisdiction of the parties and the subject matter, is not void, for the reason that findings do not appear in the record or judgment-roll, unless such record affirmatively shows that such findings were not made and that such findings were not waived.   Sections 4406 and 4407 of the Revised Statutes, require findings of fact and conclusions of law, separately stated, to be made and signed by the judge and filed with the   clerk.   Section 4408 of the Revised Statutes provides  three different  modes in which such  findings may be waived.   Upon collateral attack the presumption is conclusive where there are no findings in the record, that such findings were waived, unless  the record affirmatively  shows that they were not waived.   (See Black on Judgments, secs. 245, 252, 261.)   Respondents  contend  that ejectment  will not lie in this case, for the reason that the remedy of the appellant was by way of application for a writ of assistance.   We do not think so.   (See *Dickey v. Gibson*, 121 Cal. 276, 53 Pac. 704.)

For the foregoing reasons, the order denying a new trial and the judgment are reversed, and the cause remanded to the district court for further proceedings consistent with the views herein expressed.   For the reason that the appellant has ignored the rules of this court in making up, preparing, and presenting the transcript upon appeal, by inserting  therein the original complaint (which had  been superseded by an  amended complaint, which is also in the transcript), the affidavits verifying the different pleadings, and repetition of the title of the action

a number of times, the appellant is not allowed any costs on account of procuring and printing said transcript, but the appellant is awarded his other costs upon appeal. The ruling as to costs herein is necessary in order to enforce the rules of this court in regard to making and printing transcripts. In numerous cases parties appear to have entire disregard for the rules of this court in these matters. We do not feel like dismissing an appeal which is meritorious for violations of the rules of this court in making up the transcript, yet do not feel like awarding the appellant costs for procuring and filing transcript in this cause for the reasons stated.

Sullivan, J., concurs.

Stockslager, J., did not sit at the hearing and took no part in the decision of this case.