[No. 16434. Department One. June 10, 1921.]

## MARTHA SMITH, *Respondent*, v. LOUIS FRATES, *Appellant*.[1]

APPEAL (386)—REVIEW—PARTIES ESTOPPED—ACQUIESCENCE. Error cannot be assigned on modification of a decree for divorce so as to permit the mother to visit children awarded to the father, where the attorney for the father conceded in open court the right of the mother to visit her children.

COSTS (24)—SECURITY—CHARACTER OF PARTIES—ANCILLARY PROCEEDINGS. A petition for the modification of a divorce decree being an ancillary proceeding and not an original action, would not subject petitioner to the operation of Rem. Code, § 495, requiring nonresident litigants to furnish security for costs.

SAME (88)—REMEDIES FOR COLLECTION—STAY OF SUBSEQUENT PROCEEDINGS. A motion for a stay of proceedings upon a petition for the modification of a divorce decree until petitioner should satisfy the costs in the divorce action was properly denied where it was shown that she was wholly unable to satisfy them.

Appeal from a judgment of the superior court for King county, Frater, J., entered October 28, 1920, modifying a decree in a divorce action. Affirmed.

*Howard O. Durk*, for appellant.

*Elias A. Wright* and *Sam A. Wright*, for respondent.

HOLCOMB, J.—Upon a former appeal in this case, an adjudication as to the custody of the children was made by this court, and a history of the case given. *Smith v. Frates*, 107 Wash. 13, 180 Pac. 880.

[1]Reported in 198 Pac. 732.

Respondent filed her petition for a modification of the decree so as to permit her to visit her minor children. Appellant thereupon moved the court for a stay of proceedings, upon two grounds: first, until respondent should furnish security for costs; and second, until such time as she should pay the judgment against her in this action, for costs on the former appeal, amounting to $103.55.

When the petition came on for hearing upon the merits, the attorney for appellant, in open court, made the following concession:

"As to the right of this woman to see her own children, I suppose there is no doubt that the court will grant that right, but the contention that Mr. Frates has ever denied that right, according to his own testimony, is absolutely false."

There was no testimony taken in the case after counsel for appellant conceded the right of respondent to have the decree modified to the extent prayed, and there was only one proposition of law upon which the trial court was called to pass by the appellant, and that was the question of the stay of proceedings. The court entered an order modifying the previous decree as to the custody of the children, so as to give respondent the right to visit the children at certain stated times after notice to appellant, and at certain places, and under certain restrictions imposed by the court.

Appellant, in this state of the record, is in no position to urge as error the modification by the court of the original decree of divorce, as well as the judgment of this court in the case of *Smith v. Frates, supra.* A litigant cannot be allowed to adopt one position in the trial court and the opposite position in this court.

As to the first ground for the motion for stay of proceedings, namely, that respondent was a nonresident of

King county, which, under the statute and decisions of this court, entitle appellant to the bond demanded (Rem. Code, § 495), it cannot be sustained. Respondent's petition was not an original proceeding, but merely an ancillary proceeding to the original action which had been brought in King county, where the parties at that time resided. Although respondent has since removed to Yakima county, the original action, being for divorce, brought in the county where plaintiff resided, her subsequent removal does not give grounds for requiring security for costs under § 495, *supra*.

Nor is the second ground for the motion for stay of proceedings tenable. The costs arose out of the same case and not out of an independent former action. Affidavits were presented to the trial court by both parties as to the ability or inability of the respondent to first satisfy the costs before she could be heard upon her petition, and it was reasonably shown that respondent was wholly unable to satisfy the costs. In *Archibald v. Lincoln County*, 50 Wash. 55, 96 Pac. 831, 126 Am. St. 886, 18 L. R. A. (N. S.) 902, a stay of proceedings was ordered by the lower court until the plaintiff therein paid the costs of a former case, which had been dismissed. This court held that the lower court abused its discretion under the showing made by the party that she was absolutely without means, and reversed the order.

The trial court properly exercised its discretion in this case in refusing to stay the proceedings.

The order is affirmed.

PARKER, C. J., BRIDGES, and MACKINTOSH, JJ., concur.

FULLERTON, J., concurs in the result.