WINN *v*. WINN.

DIVORCE—CUSTODY OF CHILD—WELFARE OF CHILD CHIEF CONSIDERATION.

    A decree of divorce granting the custody of a minor daughter to the mother was properly modified and the custody awarded to the father, who already had another daughter, so that the two children might be reared together in the father's home without interference from the mother, on a showing that the mother has no home, has never had the child with her, and has remarried three times since the divorce was granted; the welfare of the child being the chief consideration of the court.

Appeal from superior court of Grand Rapids; Verdier (Leonard D.), J.     Submitted June 7, 1928. (Docket No. 41, Calendar No. 33,746.)     Decided July 24, 1928.

Bill by Edward W. Winn against Louise B. Winn for a divorce: On petition of plaintiff for the custody of an infant.     From an order granting the petition, defendant appeals.     Affirmed.

 *John J. Smolenski,* for plaintiff.

*Roman F. Glocheski,* for defendant.

POTTER, J.     Defendant appeals from an order modifying a decree of divorce as to the custody of a minor child.     A decree of divorce between the parties rendered July 30, 1924, gave the custody of the daughter Margaret Belle Winn to defendant.     The trial court, after full hearing on the application of plaintiff, modified the decree and awarded the custody of the child to the father, who already had the custody of another daughter.     After the divorce was granted,

On the general rule as to denial of custody of child to parent for its well-being, see annotation in 41 L. R. A. (N. S.) 565.

plaintiff remarried.    Defendant remarried three different times.    During the time since the divorce, defendant has never had the child with her.    None of the men she has married furnished a home.    The child was left with its maternal grandmother.    Defendant made her home in and around Chicago, traveling, running an elevator at Marshall Field's, and singing and dancing in theaters and other places of entertainment.    There was no finding the child had not been given a good home by its grandmother.    The contest here is between the father and the mother of the child.    In the determination of the case the trial court took into consideration the multiplicity of defendant's marriages and the brevity of her attachments.    He properly held the welfare of the child was the polar star for the guidance of the court in the determination of the case, and gave the father the custody of the child, that the two daughters of the parties might be reared together and make their home with plaintiff without interference or hindrance on the part of defendant, until they should attain the age of 14 years, or until the further order of the court. We think this a proper disposition of the case, and

The order of the trial court is affirmed, but without costs.

FEAD, C. J., and NORTH, FELLOWS, WIEST, CLARK, MCDONALD, and SHARPE, JJ., concurred.