(No. 5841. September 28, 1932.)

W. ED RUTHRUFF, Respondent, v. GOLDIE RUTH-RUFF, Appellant.

[14 Pac. (2d) 958.]

Verner R. Clements and Abe Goff, for Appellant.

Paul W. Hyatt and A. L. Morgan, for Respondent.

GIVENS, J.—Appellant and respondent were divorced March 20, 1928, and by mutual agreement settled their property rights and the custody of their minor son, then about four and one-half years old, the appellant having him nine months and respondent three months of each year, the decree based solely on the agreement so providing.

September 1, 1931, respondent applied for a modification of the decree, seeking the sole custody and care of the child, which the court granted.

The court made no findings as such, but by way of recital declared in the decree that it appeared to the court "that it is to the best interests of said minor child of the parties, William Edgar Ruthruff, that said decree of this court be modified as hereinafter provided," thereafter

ordering that the child instead of being nine months with the mother and three with the father, be in the sole custody of the father, giving the mother the right of visitation.

Since no objection is raised as to the absence of more specific findings, they are waived (*Kirkpatrick v. Kirkpatrick, ante,* p. 27, 10 Pac. (2d) 1057), and a judgment will not be reversed for want of a finding unless it appears that there was evidence before the court from which it was required to make a finding contrary to its other findings or its judgment. (*Storey & Fawcett v. Nampa Irr. Dist.,* 32 Ida. 713, at 719, 720, 187 Pac. 946.)

The best interests of the child in such proceedings are of paramount importance, though to modify an award of a child of tender years to the mother, it must appear that conditions have changed and that the mother is unfit to longer have the custody of the child. (*Kirkpatrick v. Kirkpatrick, supra.*) This does not necessarily mean morally unfit, as there are many elements of unfitness which may be considered.

There is not only a conflict in the evidence, but different conclusions could reasonably be drawn therefrom and divergent plausible arguments based thereon, but from a careful examination of the testimony *pro* and *con,* we are satisfied there is sufficient evidence to sustain the modification, and the judgment is therefore affirmed.

No costs allowed.

Lee, C. J., concurs.

Varian, J., dissents.

LEEPER, J., Concurring Specially.—I concur in the majority opinion, but I am of the opinion that it would be more clear if further amplified, particularly with reference to the rule of fitness of the mother. I therefore submit the following to express the views which have furnished the basis of my concurrence.

No findings of fact were made by the judge, but in the preamble of his order it is recited that it is for the best interests of the child that the order of custody be modified. An application to modify a decree is not a new action but is a proceeding ancillary to the original action (*Smith v. Frates*, 116 Wash. 108, 198 Pac. 732), and it would not seem that formal findings of fact are absolutely necessary in disposing of such a matter (*Dyer v. Dyer*, 65 Wash. 535, 118 Pac. 634), although when the proceeding is contested it is the better practice for a court to draw findings and conclusions as in the usual course. The recital in the preamble may be considered as a finding of ultimate fact, which carries within itself a finding of all probative facts which establish this conclusion of fact. (*Cleveland v. Mochel*, 48 Ida. 37, 279 Pac. 410.) In any event, in absence of any contrary showing in the record, it will be deemed that findings are waived (*Bunnell & Eno Investment Co. v. Curtis*, 5 Ida. 652, 51 Pac. 767; *McCormick v. Friedman*, 7 Ida. 686, 65 Pac. 440; *Kirkpatrick v. Kirkpatrick, ante*, p. 27, 10 Pac. (2d) 1057), and in considering this case we are bound to uphold the order if there is any reasonable theory of the case upon which judgment can be sustained and there is sufficient evidence in support thereof. (*Tom Reed Gold Mines Co. v. United Eastern Min. Co.*, 24 Ariz. 269, 209 Pac. 283; *Phoenix Safety Investment Co. v. James*, 28 Ariz. 514, 237 Pac. 958; *Babbitt & Cowden Livestock Co. v. Hooker*, 28 Ariz. 263, 236 Pac. 722.) The presumption is that, where no findings are made and none are requested, the court found in favor of the prevailing party (*Park Saddle Horse Co. v. Cook*, 89 Mont. 414, 300 Pac. 242), and that it found every fact necessary to judgment. (*United Bank & Trust Co. v. Washburn & Condon*, 37 Ariz. 223, 292 Pac. 1025.)

An examination of the record discloses that there is evidence which, if believed, would have sustained findings to the effect that the father was fit, that the mother was unfit, that conditions have changed, and that the best interests of the child required the change of custody. Inasmuch as

the determination of these matters is in the first instance confided to the trial court (*Olson v. Olson*, 47 Ida. 374, 276 Pac. 34), the exercise of that discretion in the present case could not be disturbed by us without doing violence to the rule which I have indicated. As conversely stated in the majority opinion, the evidence was not such as to require the court to have found contrarily to the findings necessarily presumed under the rule, and thus make a reversal incumbent upon us.

As to the rule relative to the fitness of the mother, it has appeared to me that a more extended discussion is necessary than is contained in the majority opinion.

The excerpt from Corpus Juris quoted in the Kirkpatrick case, and upon which the decision is based, is subject to certain qualifications which appear in the cases cited by the author. The original excerpt (19 C. J. 351, last sentence in paragraph 810) is based upon three cases cited in footnote 52—*Bryan v. Lyon*, 104 Ind. 227, 54 Am. Rep. 309, 3 N. E. 880, *Reitman v. Reitman*, 168 Ky. 830, 183' S. W. 215, and *Freeland v. Freeland*, 92 Wash. 482, 159 Pac. 698. In *Bryan v. Lyon, supra*, the appellate court refused to modify an award to the mother at the instance of the father, solely upon the ground that it could not interfere with the exercise of the discretion of the trial court. In *Reitman v. Reitman, supra*, the court refused to modify a decree awarding custody of a twelve year old girl to the mother, upon the ground that the charges of immorality had not been proven. In this case the court recognized the rule that "the first and chief consideration of the court is to consult the interest of the child." In *Freeland v. Freeland, supra*, the court refused to disturb the discretion of the lower court in refusing to take away the custody of a minor child, the record failing to show immorality on her part. In its opinion the court said "a child needs a mother's care even more than a father's," and "an appellate court should not disturb the order of the trial court unless it is made reasonably plain by the evidence *that the welfare of the child requires it.*"

The rule as usually framed in the decisions is that a mother will not be deprived of the custody of a child of tender years unless it clearly appears that the welfare of the child demands it. The rule itself is based upon the consideration that a mother is naturally better able and more inclined to give such a child that loving care and maternal attention which its tender age requires, and therefore the operation of the rule will usually be found to subserve the interests of the child. Three factors must enter into a determination of such a matter, i. e., the age of the child, its sex and its welfare. This is the tenor of all the decisions cited in the Kirkpatrick case.

In *Feather v. Feather*, 112 Neb. 315, 199 N. W. 533, where there was involved the custody of a two year old daughter, the court gave a clear statement of the applicable law:

"The evidence further shows that the mother gave to the child genuine, loving affection and excellent maternal care. . . . .

"We think it is generally conceded that the best interests and welfare of a child of tender years will be best subserved by placing it in the custody of its natural mother, if she is a fit and proper person. It is seldom, if ever, that any other person can be found who will bestow upon a child in *arms* such tender and loving care and who will have its welfare so much at heart, as its mother. The record does not disclose anything that would justify denying to this mother the care and custody of her infant daughter. The welfare and .best interests of the child demand that its custody be committed to. the mother." (Italics ours.)

The reason for an application of the rule is greatly lessened in this case, because appellant has not lived with the child, and has not given him that maternal care which constitutes its fundamental basis. Rather has she entrusted him to strangers, and absented herself from him for long periods of time. I do not doubt that she yet entertains deep affection for the child, but this of itself is not enough

upon which to invoke a categorical application of the principle. (*Van Syckle v. Van Syckle,* 168 App. Div. 924, 152 N. Y. Supp. 1047; *Winn v. Winn,* 243 Mich. 587, 220 N. W. 659.)

No rule of thumb can be laid down as to what constitutes a child of tender years. As a child becomes older the reason for the rule becomes less strong. As to infants in arms its operation would rarely ever be denied, but we cannot say as a matter of law that it must be invoked as to a boy now over nine years of age. (*Russell v. Russell,* 20 Cal. App. 457, 129 Pac. 467.)

In the journey of a child from infancy to majority conditions may change which render a change of custody originally granted to the mother desirable from the standpoint of the child's welfare. It is for the lower court to draw the line and make the decision in the first instance. Ordinarily a court is never justified in separating an infant child from its mother, except upon clear and convincing proof that its welfare will be endangered by not so doing. But upon such clear and convincing proof, the court has discretion to make such disposition of the child as it sees fit. This rule has already been approved in *Olson v. Olson, supra,* where the court said, ''Awarding the custody of a child of tender years to its father, rather than its mother, on evidence that the father is better fitted to care for and educate it, does not constitute an abuse of discretion.'' The rule of fitness is not alone concerned with moral fitness, but with all other elements of character and circumstance which can properly enter into a consideration of what is best for the child. We are not required to brand a mother as immoral, before we may enter such order to conserve the future welfare of the child as is clearly required by the proof. As stated in *Piatt v. Piatt,* 32 Ida. 407, 184 Pac. 470, before parents can be deprived of custody it must be shown that they are unfit, ''or that they are unable to properly maintain them and provide for their proper training and education.'' While, as stated in the latter case, poverty alone is not an adequate reason to

deprive a parent of custody, the circumstances of this case go far beyond that, and the rule announced in *Olson v. Olson, supra,* must prevail. We cannot say that the court abused its discretion in entering the order complained of or that it erred as a matter of law.

BUDGE, J., Dissenting.—In 19 C. J. 350, sec. 810, the rule is announced that:

"To justify a modification of the decree awarding custody of the children there must be shown a change of circumstances, or the discovery of new facts which were unknown to the applicant at the time the decree was entered, and which could not have been then ascertained with reasonable diligence. . . . . It is well settled, however, that courts will not deprive the mother of custody of her child unless it is shown clearly that she is so unfit a person as to endanger the child's welfare."

See, also, *Kirkpatrick v. Kirkpatrick, ante,* p. 27, 10 Pac. (2d) 1057; *Piatt v. Piatt,* 32 Ida. 407, 184 Pac. 470. In *Simpson v. Simpson,* 51 Ida. 99, 4 Pac. (2d) 345, it was held that the burden of showing such changed circumstances is upon the party seeking the modification, and the first inquiry is whether such a showing of changed circumstances has been made as to set in motion and justify the exercise of the discretionary powers of the court in modifying the decree.

The record discloses the following facts: Appellant, since the entry of the decree of divorce, has provided for the child either from her personal earnings or contributions from friends, the main contribution coming from one Bishop, a brother-in-law of appellant's sister, who has been a friend of appellant's since childhood and whose reputation is unquestioned. One Ranginela, whose reputation is also not questioned, has made some contributions. Appellant, by reason of the fact that she was without means, engaged in various occupations. Her association, so far as the record shows, has been with people of high moral standing and there is nothing in the record that would justify the

inference that the different kinds of employment in which she has been engaged were other than respectable. She purchased a business in 1931 in Tacoma, Washington, and has living quarters in the building where she conducts her business, where, she testified, she intended to take the child and have it constantly with her. The child, while in her custody, due to her circumstances and employment, was placed occasionally in the hands of respectable and worthy custodians and received proper care and attention, made exceptional grades in school and was constantly, with the exception of short intervals, visited by appellant and received, so far as appellant was in a position to do so, due to her circumstances, proper parental supervision, care and devotion. There is no question raised as to the moral fitness of appellant, and the child at all times has been properly provided for with necessary food and clothing, proper environment and educational opportunities.

It is clear from the foregoing facts that respondent failed to show such changed circumstances, including the unfitness, morally or otherwise, of appellant to continue to have the custody of her minor child, as would set in motion or justify the exercise of the trial court's discretion in modifying the decree. In view thereof, I am of the opinion that the trial court erred in modifying the decree so as to award the custody of the minor child to respondent.

Even if it be conceded that there was a sufficient showing of changed circumstances to set in motion or justify the exercise of the discretion of the trial court, I cannot bring myself to the view that the trial court properly exercised such discretion in modifying the decree and awarding the custody of the minor child to respondent, in view of a comparison of the fitness of appellant as shown above, with the fitness of respondent as disclosed by the following facts:

Respondent, in 1930, was convicted, fined and imprisoned for violation of the national prohibition laws. For some twelve or fifteen months during 1929 and 1930 one Rose Snyder, a married woman of unsavory reputation, lived

in respondent's home. In September, 1930, respondent remarried a divorced woman who had children by her former husband and in the decree of divorce she was denied their custody, from which the inference may be indulged that she was not a fit and proper person to have the custody of her children. In June, 1931, respondent went to the home of appellant in Portland, Oregon, and there told her that unless she would cancel the indebtedness of $300 still due her under the separation agreement and decree, he would forcibly take the child from her. Upon her refusal so to do respondent attacked her, inflicting personal injuries upon her and forcibly took the child and refused to surrender the custody of the child to appellant upon proper demand. Prior to, at the time of the hearing and since, respondent has persisted in his refusal to obey the provisions of the original decree of divorce as to the custody of the child and was in contempt of court at the time of the hearing.

In conclusion, it is clearly established that respondent failed to sustain the burden of showing changed circumstances justifying a modification of the decree. Respondent was in contempt of court at the time of the hearing in that he, by force, deprived appellant of the custody of the child in violation of the provisions of the decree. When the fitness of appellant and respondent are compared, the mother's fitness far outweighs that of respondent. As I view it, the modification of the decree is in conflict with established authorities of this jurisdiction as above set forth and contrary to all equitable principles and finds no support in the facts disclosed by the record.