759 P.2d 905

**M.T. DEATON & CO., Chartered,
Plaintiff–Respondent,**

v.

**Frank R. LEIBROCK, K. Danny Fou-
ladpour, and Engineers/Surveyors
Group, Inc., an Idaho corporation, De-
fendants–Appellants.**

No. 16819.

Court of Appeals of Idaho.

March 11, 1988.

Wilbur T. Nelson, Boise, for defendants-appellants.

John B. Kugler, Pocatello, for plaintiff-respondent.

**SMITH, Judge, Pro Tem.**

This is an appeal by clients of an accounting firm from a judgment entered against them for collection of fees. The sole issue is whether the evidence provided sufficient proof of accounts stated to support the judgment. We affirm.

M.T. Deaton & Company (Deaton), an accounting firm, provided services for now defunct H & V Engineering, Inc. P.A. (H & V) and for its successor corporation, Engineers/Surveyors Group, Inc. P.A. (the Group). Frank Leibrock and Danny Fouladpour are assignees of some of H & V's liabilities, and are officers of the Group.

Deaton sued for collection of monies due from the appellants, alleging two causes of action. The claims arose as follows. Deaton had performed accounting services for H & V on a continuing basis. Deaton sent H & V regular statements of account, including a balance. Through written agreement with H & V, Leibrock and Fouladpour assumed some of H & V's liabilities. These liabilities included a set amount on H & V's account with Deaton. Deaton's first cause of action was against Leibrock and Fouladpour based on the assumed obligation.

In 1983 the Group had used Deaton's services in investigating suspected employee embezzlement. Deaton sent regular statements of account to the Group. Deaton's second cause of action alleged a claim for the balance of this account.

On motion for summary judgment filed by Deaton, the district court entered a partial summary judgment against Leibrock and Fouladpour on the first cause of action in the amount of $9,906.09, including service charges. Thereafter, Leibrock, Fouladpour, and the Group filed an answer, denying any obligation and alleging the complaint failed to state a cause of action. Further, by way of counterclaim and third-party complaint, the Group alleged malpractice by employees of Deaton.

Trial was held on Deaton's second cause of action. Deaton presented its case. After Deaton rested, the Group moved to dismiss the action. The court denied the motion. Defense counsel then stated he had no evidence to present. All parties waived findings of fact and conclusions of law, and the judge ruled from the bench in favor of Deaton. Later that same day, the district judge entered judgment reconfirming the partial summary judgment on the first cause of action and determining that the amount then due with interest to date was $11,488.79. As to the second cause of action, judgment was given in the sum of $2,268.28 to Deaton. The Court also concluded that $3,500 was a reasonable amount to be awarded to Deaton for its attorney fees under I.C. §§ 12–120 and 12–121. Including costs awarded, the judgment totaled $17,628.07.

The main thrust of the appeal is appellants' contention that the action was brought upon an open account theory rather than an account stated theory; therefore, proof of an account stated was not within the scope of the pleadings. They argue that when an action is brought upon an open account for services, the plaintiff has the burden to prove what services were performed and that the amounts charged for such services were reasonable. They contend there was no such proof offered either on the summary judgment motion or at the trial. They argue the evidence was not sufficient to support an action on an account stated.

■ Preliminarily, we are faced with an unusual threshold issue which must be resolved before we approach the appeal on its merits. As noted, the parties stipulated to waive findings of fact and conclusions of law, and none were made.[1] We are thus initially presented with the question: what effect, if any, will a waiver of findings and conclusions have where the issue on appeal concerns the sufficiency of evidence to support a judgment?

In *Ruthruff v. Ruthruff*, 52 Idaho 330, 14 P.2d 958 (1932), our Supreme Court held that when findings are waived and not made, a judgment will not be overturned unless there was evidence before the trial court requiring it to reach a contrary decision. Through his special concurrence, Justice Leeper further expounded on this rule. He noted a presumption exists that, where findings are waived and not made, the trial court found every fact necessary to sustain its judgment. *See, e.g., Bunnell & Eno Investment Co. v. Curtis*, 5 Idaho 652, 51 P. 767 (1897). Moreover, citing Arizona case law, he explained that under such circumstances the Supreme Court was "bound to uphold the order if there is any reasonable theory of the case upon which judgment can be sustained and there is sufficient evidence in support thereof." *Ruthruff v. Ruthruff, supra*, 52 Idaho at 333, 14 P.2d at 959.

According to our research, the position advocated by Justice Leeper appears to be the majority rule and is still the rule followed in Arizona. *See Master Records, Inc. v. Backman*, 133 Ariz. 494, 652 P.2d 1017 (1982); *Equitable Life Assurance Society v. Anderson*, 151 Ariz. 355, 727 P.2d 1066 (App.1986). We note, however, that Arizona does not expressly provide for waivers of findings of fact. Rule 52(a), Rules of Civil Procedure, 16 A.R.S.

Another state, New Mexico, expressly provides that a party may waive findings of fact. NMSA 1–052(B)(1)(f) (1987). The New Mexico courts have interpreted this provision to prohibit on appeal a review on the sufficiency of the evidence. *See Smith v. Maldonado*, 103 N.M. 570, 711 P.2d 15 (1985); *Kipp v. McBee*, 78 N.M. 411, 432 P.2d 255 (1967).

We see reasonable policy support for both of the above approaches. We are more persuaded, however, by the rule suggested by Justice Leeper in *Ruthruff*. Therefore, our review under circumstances where findings have been waived and not made will be limited. We will presume that the trial court found every fact necessary for its judgment. Accordingly, we will uphold the judgment on any reasonable theory supported by substantial, competent evidence.

I

■ An open account is an account kept open in anticipation of future transactions. It is an account where the balance might be subject to adjustment due to the respective demands of the parties. An account stated is an account in which the balance has been ascertained and mutually agreed to by the parties. It is a new contract distinct from any original agreement. *Argonaut Insurance Companies v. Tri–West Construction Co.*, 107 Idaho 643, 691 P.2d 1258 (Ct.App.1984).

■ While open accounts and accounts stated are perceived in law as separate actions, both are simply different methods of proving amounts owed. Because the parties are not in agreement, an open account action requires proof of services rendered, and a showing that the amounts charged were reasonable. An account stated action requires a showing of mutual assent that an amount is a final balance of account agreed to by the parties and a writing evidencing the final balance. Assent may be implied from failure to object to a billing within a reasonable time. Thus, any written account may become an account stated through acquiescence in its correctness. *O'Harrow v. Salmon River Uranium Development, Inc.*, 84 Idaho 427, 373 P.2d 336 (1962); *Argonaut Insur-*

---

1. Under I.R.C.P. 52(a), the parties may, in all instances, stipulate to such a waiver. This provision was added to Rule 52(a) in 1975 when the statutory procedure rule for waiver, I.C. § 10–304, was repealed.

*ance Companies v. Tri–West Construction Co., supra.*

■ The following evidence was presented on motion for summary judgment as to the first cause of action: the written agreement, dated December 1, 1982, between Leibrock, Fouladpour and H & V containing the set amount owed to Deaton; a written statement of account dated February 28, 1985, sent by Deaton to H & V showing a total balance forward; an affidavit by an officer of Deaton asserting that H & V owed Deaton a certain amount, that Leibrock and Fouladpour, pursuant to their agreement, had made payments to Deaton, and that a final balance remained unpaid. In opposition, Leibrock by affidavit declared that Deaton "would be paid" on its account, conditioned on payment to H & V from a construction project debtor.

Noticeably absent is any contention that the amount Deaton claimed was incorrect or was not a final balance. The circumstances here permit an inference of assent to the balance claimed by Deaton. *See Argonaut Insurance Companies v. Tri–West Construction Co., supra.* The written statement of account sent by Deaton to H & V sets forth the balance due. Such evidence will sustain the trial court's judgment on an account stated theory.

■ As to the second cause of action, the record reflects that numerous written statements of account were sent by Deaton to the Group. No objections as to the correctness of the amount for the services performed appear on the record. At trial, when the Group had an opportunity to present evidence, they declined. The Group's conduct reflects the requisite acquiescence to show the account was an account stated.

## II

■ Notwithstanding, Leibrock, Fouladpour, and the Group argue that the complaint contained no allegations of an agreed balance, mutual assent, acquiescence or a writing which would constitute the necessary elements of an account stated. Nor was there a motion by Deaton to amend the complaint to conform to the proof.

The complaint as to the first cause of action clearly alleges Leibrock and Fouladpour assumed the obligation to pay a specific amount to Deaton. The complaint alleged Leibrock and Fouladpour made partial payment on that account. These allegations were sufficient to alert Leibrock and Fouladpour to forthcoming proof of an account stated.

As to the second cause of action, the complaint alleged accounting services were performed, statements were sent to the Group and demands made for payment. Again, these allegations are sufficient to cover forthcoming proof of an account stated.

The allegations in the complaint are sufficiently broad to cover both open accounts and accounts stated. Moreover, all pleadings shall be liberally construed. *See* I.R. C.P. 8(f). If there was concern about any vagueness in the complaint, a motion for a more definite statement could have been pursued. I.R.C.P. 12(e). Further, other discovery process was available. Therefore, we are not persuaded that the language in the complaint precluded proof at trial of money due on accounts stated or that it was necessary for Deaton to move to amend the complaint to conform to the proof.

## III

■ Leibrock and Fouladpour argue that the obligation on the first cause of action was not their original obligation, but rather the obligation of the dissolved corporation, H & V. This argument is disingenuous. The promise to pay the debt of another is an original promise. I.C. § 9–506. The question of the interpretation and effect of such an agreement are for the trier of fact, and the decision will not be overturned where supported by the evidence. *Beaupre v. Kingen,* 109 Idaho 610, 710 P.2d 520 (1985). Leibrock's and Fouladpour's agreement with H & V provides sufficient proof of their obligation to pay Deaton. Deaton's election to name Leibrock and Fouladpour as defendants for

**618**

the collection of the account, the liability for which they assumed, is well-founded.

We conclude that judgment for Deaton on an account stated theory is supported by substantial, competent evidence. Therefore, we affirm the judgment of the district court.

■ The trial court awarded attorney fees to Deaton on both accounts pursuant to I.C. §§ 12–120 and 12–121. Because this was an action to recover on accounts stated, we hold that attorney fees were awardable under I.C. § 12–120. The same applies as to attorney fees on this appeal. We award attorney fees, together with costs, to Deaton.

WALTERS, C.J., and SWANSTROM, J., concur.