**John Roy FISHER et ux., Appellants,**

**v.**

**Ruby MONTGOMERY, Appellee.**

**No. 10254.**

Court of Civil Appeals of Texas.

Austin.

Jan. 19, 1955.

Rehearing Denied Feb. 9, 1955.

Perry L. Jones, Harry S. Pollard, Austin, for appellants.

John D. Coats, Austin, for appellee.

GRAY, Justice.

On July 25, 1952, appellants filed their application for leave to adopt William Clark Gillum, Jr., a boy then about two and one half years of age, and later referred to as the minor. William Clark

Gillum, Sr., the father of the minor, filed his written consent to the adoption. No notice was given to appellee, the mother. However she intervened in the cause, resisted the adoption and asked that the permanent custody of the minor be awarded to her.

A nonjury trial was had, the adoption was denied and appellee was awarded the care, custody and control of the minor who was then approximately four years of age.

Findings of fact and conclusions of law were requested and were filed.

Appellee and William Clark Gillum, Sr. were divorced October 26, 1949, prior to the birth of the minor. At the time of the divorce there was a minor daughter, Billie Ruby Gillum, for whose care provision was made in the divorce decree but no provision was made for the care of the minor who was born February 4, 1950. On April 1, 1950, appellee placed the minor with Mrs. R. A. Goff and agreed to pay her $50 per month for his care. This arrangement continued, with appellee paying medical and other incidental expenses in addition to the $50 per month, until September, 1950, when Mrs. Goff became unable to care for the child. Appellee then made an agreement with appellant, Mrs. Roy Fisher, a daughter of Mrs. Goff, whereby she was to care for the minor upon the same terms as Mrs. Goff. At this time Billie Ruby Gillum was in the care of Mrs. Fisher. In July, 1951, a judgment was rendered awarding custody of Billie Ruby Gillum to William Clark Gillum and custody of the minor to appellant, Mrs. Roy Fisher. This judgment required William Clark Gillum to pay $25 per month into the registry of the court for the support of the minor. Thereafter appellee paid $25 per month into the registry of the court for the minor's support although the decree did not require her to do so. However she then discontinued the payment of $50 per month direct to Mrs. Fisher. Mrs. Fisher continued to receive these payments from the registry of the court until August 6, 1952, at which time the application for leave to adopt the minor was on file.

Sometime after her divorce from Gillum, appellee married W. O. Montgomery from whom she was divorced in July, 1952.

After the application for leave to adopt the minor was filed and on August 5, 1952, there was filed a petition alleging the minor to be dependent and neglected. No notice of the filing of this petition was given to appellee and no citation was issued. On August 9, 1952, a judgment was entered adjudging the minor to be dependent and neglected.

After August 6, 1952, Mrs. Fisher refused to receive any further payments from the registry of the court.

The trial court found that appellee made her last payment into the registry in June, 1952. Appellee said she tendered payments to Mrs. Fisher after the adoption proceedings were filed and that Mrs. Fisher would not accept them. Mrs. Fisher said she refused to take further payments from the registry because she thought if she was going to adopt the minor she should support him. On February 12, 1954, appellee paid into the registry of the court $650 and filed her written statement which in part is:

"Defendant says that her said child should be returned to her possession, and requests this Court to so return it, but says that she desires to support said child to the best of her financial ability, whether said child be in her possession or in the possession of others, wherefore, she now tenders and pays into this Court the said sum of $650.00 for the support of said child. Said tender and payment on defendant's part is unconditional. She authorizes and requests this Court to disburse said sum in whatever manner the Court may deem proper for the support of said child, whether by paying said sum to Mr. and Mrs. John Roy Fisher or otherwise. She also requests that the Court so disburse the $362.50 previously on deposit, making a total of $1012.50 now on deposit in this Court for the support of said minor child."

The $362.50 mentioned in the statement being accumulated payments made by William Clark Gillum.

On February 25, 1954, appellants filed their second amended original application for leave to adopt the minor and alleged the statutory grounds of voluntary abandonment, desertion and failure to support. The trial was had on this application.

The record shows that for some time past appellee has lived in Sinton, where she has been and is employed; that she maintains her home in an apartment adequate for her needs in caring for the minor; that her income is sufficient to maintain herself and child, and that her sister expects to make her home there and assist in caring for the minor. Appellee has made trips to Austin to see the minor. However these visits appear to have been unsatisfactory to appellee and did not meet the approval of Mrs. Fisher. She has also written letters to Mrs. Fisher inquiring as to the welfare of the minor but the record does not show that any of such letters were answered.

Mrs. Fisher testified that the minor hardly knows his mother; that he treats her as his mother, and that if he was going to be taken away from her it should have been done before the situation got to where it is now.

Witnesses from Sinton testified to appellee's good reputation there; that she was a reliable and responsible employee, and to her fitness to have custody of the minor.

The trial court concluded that the application for leave to adopt the minor must be denied because the mother had not given her consent and facts do not exist authorizing the adoption without such consent; that material changes in conditions affecting the minor require that his custody be awarded to his mother, and that the minor's best interests require that his custody be so awarded.

Appellants here present ten points; however they say that the "basic questions involved" are whether the trial court erred in awarding appellee custody of the minor since the only matter properly before the court was whether the minor was legally subject to adoption; that the facts warranted the minor's adoption by appellants who are suitable persons to adopt him, and appellee did not prove a material change in conditions since the judgment awarding the minor's custody to appellant, Mrs. Fisher.

Section 6 of Art. 46a, Vernon's Ann. Civ.St. prescribes the conditions authorizing adoption of children. The portion of this section pertinent here is:

"Except as otherwise provided in this Section, no adoption shall be permitted except with the written consent of the living parents of the child; provided, however, that if a living parent or parents shall voluntarily abandon and desert a child sought to be adopted, for a period of two (2) years, and shall have left such child to the care, custody, control and management of other persons, or if such parent or parents shall have not contributed substantially to the support of such child during such period of two (2) years commensurate with his financial ability, then, in either event, it shall not be necessary to obtain the written consent of the living parent or parents in such default, and in such cases adoption shall be permitted on the written consent of the Judge of the Juvenile Court of the county of such child's residence; or if there be no Juvenile Court, then on the written consent of the Judge of the County Court of the county of such child's residence."

Appellee did not give her written consent to the adoption of the minor and that condition need not be further noticed.

It may be here admitted that the minor was voluntarily left to the care, custody, control and management of appellants from April 1, 1950 to July 16, 1951. However

this was by agreement duly entered into by the parties during which time appellee paid $50 per month for the minor's support and in addition paid his medical and other incidental expenses. After July 16, 1951, the minor was in the custody of appellant, Mrs. Fisher, under the terms of a decree entered by a court of competent jurisdiction which decree, there is evidence to show, was entered with the approval of appellee. Thereafter appellee (as found by the trial court) until June, 1952, voluntarily paid $25 per month for the support of the minor and thereafter offered to make payments which Mrs. Fisher refused to receive. Then prior to the expiration of any two year period in which payments were not made appellee deposited $650 into the registry of the court, having jurisdiction of the minor, for his support. During all of this time appellee, by visits to see the minor and by letters to Mrs. Fisher, attempted to keep in contact with the minor and with his welfare and thereby she kept alive and manifested her deep interest in, and her affection for the minor.

■ The trial court concluded, and we think correctly, that no facts are shown to exist which would authorize the adoption of the minor without appellee's consent.

From the facts before us it cannot be said that an intention on the part of appellee to voluntarily abandon and desert her child is shown. Platt v. Moore, Tex.Civ.App., 183 S.W.2d 682, error ref. w. m.

■ The decree of July, 1951, which awarded custody of the minor to Mrs. Fisher was not a final adjudication of appellee's parental rights, but was subject to being set aside or changed when the minor's best interest required. Even though it may be said that the decree finally adjudicated appellee's fitness to have custody of the minor as of that date, changed conditions of a material nature arising since the decree was rendered subject it to being set aside or changed. In Leonard v. Leonard, Tex.Civ.App., 218 S.W.2d 296, 301, the Court said:

"Material change of conditions which will require a modification of a decree as to the custody of a child is ordinarily such as (1) Marriage of one of the parties. (2) Poisoning of the mind of the child by one of the parties. (3) One of the parties becoming an improper person for the custody. (4) Change in the home surroundings. (5) One of the parties becoming mean to the child, or some other similar material change of conditions. McLeod v. McLeod, Tex.Civ.App., 9 S.W. 2d 141; Ritch v. Ritch, Tex.Civ.App., San Antonio, 195 S.W.2d 205; Cox v. Ueblacker, Tex.Civ.App., 197 S.W. 2d 146; Watts v. Rutledge, Tex.Civ. App., 211 S.W.2d 995; Thompson v. Haney, Tex.Civ.App., 191 S.W.2d 491."

The evidence before us shows that appellants, since the decree awarding custody of the minor, have: refused to accept contributions from appellee for the minor's support; have not communicated with appellee—Mrs. Fisher said because she did not know where to reach appellee, however there are letters in evidence written by appellee to Mrs. Fisher from Sinton; appellee was unable to visit with her child, and finally by filing their petition for leave to adopt the minor and prosecuting it to judgment they have attempted to deprive appellee of all parental ties with her child.

■ We think and therefore hold that the facts show changed conditions of a material nature arising subsequent to the decree of July 16, 1951, and that such facts fully support the judgment of the trial court awarding the custody of the minor to his mother, the appellee.

■ We see no error in the trial court's action in hearing the application for leave to adopt the minor along with the petition for change of his custody. Rules 40 and 174, Texas Rules of Civil Procedure. Appellant, Mrs. Fisher, testified that for the past year and one half she had said that if the minor was going to be taken away from her it should be done as soon as

possible. Thus appellant's testimony emphasizes the importance of an adjudication of the custody issue.

We have considered all of appellants' points and find no error presented.

The judgment of the trial court is affirmed.