## McLEOD v. McLEOD. (No. 308.)

Court of Civil Appeals of Texas. Eastland.
May 27, 1927.

W. H. Hall, of Dallas, for appellant.
John W. George and Arthur J. Reinhart, both of Dallas, for appellee.

PANNILL, C. J. This appeal is from a final judgment sustaining a general demurrer to the petition filed by appellant, seeking to have the trial court re-examine and redetermine the question of the custody of Frances McLeod, the minor child of the parties to this suit. The facts alleged in the petition are in substance: A decree of divorce in 1914 awarded the custody of the minor named to appellee, with the right on the part of appellant to visit his child at all reasonable times. The changed conditions relied on are that since the decree was rendered the right awarded appellant to visit his child has been evaded by appellee in such a manner as to amount to its denial; that 11 years have elapsed since the judgment was entered, and the minor is now budding into womanhood; that appellee had caused the child to believe her father was dead, and that during his lifetime he cared nothing for his child and was not worthy of consideration; that Frances has recently learned appellant was alive, and has frequently expressed a desire to see and know her father, and regretted realizing that other children had a father and she had none; that to quiet the child's mind appellee was endeavoring to instill into the mind of Frances a belief that appellant was a bad and vicious man, unworthy to be her parent, of poor and disgraceful parentage, a drunkard, addicted to the use of drugs and narcotics, a man given over to licentious habits; that such statements by appellee were false and slanderous; that appellee attempted by means thereof to extract from said minor a promise to never see appellant, or permit him to see her; that appellee imparted such falsehoods to said Frances in order to poison her mind against appellant, and through hatred that appellee bore toward him; that by reason of said false statements by appellee to said Frances the latter was being deprived of her liberty, and the exercise of her right to know and to be associated with her father.

The charges of moral delinquency on the part of appellant, and made to the child by appellee as set out above, were specifically denied by appellant. Appellant alleges that he is an industrious and moral man, a member of the church, and a fit and proper person to have the custody of Frances, and has a home to which to take his child; that appellant was able and willing to educate and support his daughter and to assist in her rearing; that he had frequently sent money and gifts to his daughter, only to have them returned by appellee; that the course pursued by appellee was depriving the child of the assistance of appellant in her rearing, education, and support; no further attack was made on the fitness of appellee as being the proper person to have the care and custody of the minor child; that appellee was threatening to remove the minor out of the state of Texas.

Prayer was for habeas corpus, and a modification of the order of the former judgment, for an equal division of the custody of the minor between appellant and appellee, and such other decree as to the custody as might be for the best interest of the minor.

■ The sole question presented is the correctness of the court's action in sustaining the general demurrer to the petition, in substance as stated above. In determining whether the petition was sufficient, the allegations must be taken as true, as the court's action was in effect a decree that, conceding everything appellant alleged to be true, he was still without the pale of the law and could ask no relief from the courts of his country.

■ Without regard to the question as to the form of the action, it is a recognized rule that, where the custody of a minor is awarded to one of the parents in a divorce proceeding, the other may in a proper proceeding have the question as to the custody reviewed, if a showing is made that since the rendition of the decree conditions have so changed that the welfare of the child requires a change of custody. The original judgment is not a bar to such a proceeding. See Keith v. Keith (Tex. Civ. App.) 286 S. W. 534, and authorities there cited.

In the case just cited it was held that such a proceeding must be brought as an independent suit. In that case, as in this, the petition was denominated a motion; but it was held sufficient, inasmuch as service was had on it, and the opposite party answered, and the relief was sought on an entirely distinct and different state of facts from those upon which the original judgment was entered, and which facts were shown to have arisen subsequent to the decree in the original suit.

■■ The only question which is presented for solution by this appeal is whether the allegations of the petition, taken as true, were sufficient to create an issue on which evidence should have been heard by the trial court. In this proceeding the paramount question is the welfare and best interest of the minor.

·It is to the interest of the minor to have the benefit of the association with her father, the benefit of his advice, if he is a worthy and respectable man, and his help in her support and education. The child, during its formative period, has the right to have those having influence upon her refrain from implanting in her tender mind the seeds of hate and the cankerous beginnings of malice and ill will towards those whom she should cherish and respect. If her father was a respectable and honest man, she had the right to know that fact and to take a proper pride therein. While arrogance, superciliousness, and snobbishness are to be deprecated and condemned, still a proper pride in one's ancestry and in the worthiness of one's parents is a necessary part of the equipment of a well-balanced person, for as it has been said:

"Pride is the savage rear guard of the human soul, and fights when all other resources have been exhausted."

The petition plainly avers that all these rights have been denied this young girl, just entering her adolescence, and, if the allegations are true, the protection of the best interest and welfare of the minor required proper action on the part of the trial court. The principles announced in the following authorities are believed to require a reversal of the judgment, and a remand, for the purpose of giving the appellant an opportunity to support these allegations by proof. Wilson v. Elliott, 96 Tex. 472, 73 S. W. 946, 75 S. W. 368, 97 Am. St. Rep. 928; Legate v. Legate (Tex. Civ. App.) 29 S. W. 212; Pittman v. Byars, 51 Tex. Civ. App. 83, 112 S. W. 102; Ex parte Boyd (Tex. Civ. App.) 157 S. W. 254.

In other states, facts similar to those alleged have been held sufficient to authorize a change in custody. In Dimmitt v. Dimmitt, 167 Mo. App. 94, 150 S. W. 1107, the mother, to whom the custody of a child had been awarded, with the right on the part of the father to visit it, had so far evaded the order of the court as to deny the right given the father thereunder, and it was held that, notwithstanding the court might punish her for contempt, a proper procedure would be to give the custody of the child to the father, at least half the time. In Kaplun v. Kaplun (Mo. App.) 227 S. W. 894, the custody of a minor was divided between the father and the mother. The father sought to poison the child's mind against its mother, on account of his dislike and hatred for her, and this was held to be a sufficient ground to authorize a modification of the decree, so as to award the entire custody to the mother. A like result followed an effort on the part of the mother, having custody of the child, to teach the child to hate its father. See Albertus v. Albertus, 178 Iowa, 1124, 160 N. W. 830. The Supreme Court of Arkansas made a similar declaration on similar facts in the case of Meffert v. Meffert, 118 Ark. 582, 177 S. W. 1.

The intention of the mother, having the custody of the child, to remove it out of the state and beyond the jurisdiction of the court, was held to be sufficient in the case of Wald v. Wald, 168 Mo. App. 377, 151 S. W. 786, for the court to grant a writ of habeas corpus and take proper steps to prevent the removal, unless the welfare of the child required the removal.

No brief has been filed by the appellee, and we have not had the benefit of the view entertained by the trial court of the legal grounds thought by him to subject the petition to a general demurrer. As stated, we have been compelled to assume that the matters therein stated are true, and, so viewed, we believe the judgment should be reversed, and the cause remanded for trial on its merits.