[Civ. No. 8666. First Appellate District, Division Two.—December 28, 1932.]

ANGELUS SECURITIES CORPORATION (a Corporation), Appellant, v. JESSIE LAWRENCE CHESTER et al., Respondents.

Lewis Cruickshank and Donald Armstrong for Appellant.

Merriam, Rinehart & Merriam and Harvey M. Parker for Respondents.

DOOLING, J., *pro tem.*—This is an appeal from a judgment for defendants in an action to foreclose a mortgage. It appears from the record on appeal that respondents herein arranged to borrow money from Bond Department, Incorporated, a corporation, whose business was subsequently taken over by the appellant. The money was to be used in financing the building of a home for respondents and to secure its repayment the note and mortgage here in suit were given. Fifteen hundred dollars was placed in escrow by Bond Department, Incorporated, with the National City Bank of Los Angeles under agreement that it was to be disbursed by the escrow-holder only upon joint written instructions from respondents and Bond Department, Incorporated. The $1500 was paid to the contractor without the instructions or consent, written or otherwise, of respondents, and the contractor failed to construct the building. The court found that Bond Department, Incorporated, through its agent, E. A. Abbott, caused and instructed the National City Bank of Los Angeles to pay this money to the contractor without the instruction of defendants, in violation of the escrow agreement, and without taking any precaution

as to the application of the amount to the erection of the building.

■ If this finding is supported by the evidence it is sufficient to support the judgment, since Bond Department, Incorporated, could not hold respondents liable for money which it had caused to be disbursed in violation of its agreement and without any benefit therefrom being received by respondents. (*Equitable Loan Assn.* v. *Hewitt*, 67 Or. 280 [135 Pac. 864].)

It is appellant's contention that this finding is not supported by the evidence. E. A. Abbott was admittedly the agent of Bond Department, Incorporated, in the entire transaction. Without objection, respondent W. G. Chester testified to a conversation which he had with Abbott after the money had been paid to the contractor. That testimony was as follows: "I told him (Abbott) not to pay them any money and he says, 'I have already paid them $1500.' Q. And what did you say? A. I says, 'What did you do that for?' And he says, 'Oh, they came over and,' he says, 'put up—' well, I can't tell you just the words, but put up a hard luck story and wanted the money so bad, and I just gave it to them."

Respondent Jessie Lawrence Chester was asked to narrate the same conversation and counsel for appellant said, "I will be willing to stipulate to that."

■ This testimony is amply sufficient to support the finding attacked, and while it might have been subject to the objection that it was hearsay, no such objection was made, and it therefore stands as evidence in the case for all purposes. (*Powers* v. *Board of Public Works*, 216 Cal. 546 [15 Pac. (2d) 156], and cases therein cited.)

Certain other findings are attacked by appellant, but since, in our opinion, they are not necessary to support the judgment, we refrain from discussing them.

Judgment affirmed.

Sturtevant, J., and Nourse, P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on January 27, 1933, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 20, 1933.