## RITCH v. RITCH.
### No. 11606.

Court of Civil Appeals of Texas.
San Antonio.

May 29, 1946.

Rockey Harkey, of Sinton, for appellant.

Gus L. Kowalski, of Kingsville, for appellee.

MURRAY, Justice.

This suit was instituted in the District Court of Kleberg County (28th District), by G. L. Ritch against Virginia W. Ritch, seeking a change of the care and custody of the minor child, Richard Bailey Ritch.

On August 14, 1944, in cause No. 671, in the Criminal District Court of Kleberg County, Virginia W. Ritch was granted a divorce from G. L. Ritch, which decree of the court placed the care, custody and education of their minor son in Mrs. Ritch, but granted to G. L. Ritch "the right to visit said child on the first Sunday of each month and have said child with him within Kingsville, in Kleberg County, Texas, on said date from nine o'clock a. m., until six o'clock p. m., but that he shall not remove said child therefrom."

Plaintiff alleged that since the granting of the decree conditions surrounding the parties have so altered and materially changed that the welfare of the minor child requires a change of custody and that Mrs. Ritch has proven herself an unfit person to have the responsibility of rearing said child. Plaintiff further alleges that his right to visit his five-year-old son has been so evaded by Mrs. Ritch as to amount to a denial to him of this privilege and in this connection appellant tells of the alleged misconduct by Mrs. Ritch and others on each occasion when he would undertake to visit his son. Plaintiff further alleges that Mrs. Ritch has taught their son to believe that his father is a "mean old man," that he is trying to run away with him, and that defendant has so taught the child for the purpose of preventing the plaintiff from exercising his rights under the decree of the court and to drive the father and son apart and thereby deprive father and son of the benefits of cordial association.

Plaintiff further alleged as follows: "Plaintiff says that, in connection with all of the foregoing allegations, the said minor child is now about 5 years and one month of age; that the child is a bright child, with a quick and formative mind, and is reaching a point in his life when he will need the association of his father; that said child's mind is now in its formative stage and that the defendant is poisoning the mind of the child as against his father, the plaintiff, by reason of her planned and studied method of telling the child that his father is no good, and that he is a mean man, and that he will whip the child with a big strap, and by doing and saying to the child and conducting herself as hereinabove alleged; that all of the statements of the defendant to the effect that the plaintiff will run away with the child, and that the father is a no good, mean old man, and that the father will whip the son with a big strap, are all false statements and purely imaginary on the part of the defendant and used in her studied plan to poison the mind

206

of the son against the father and thereby drive the father and son apart; that by reason of the acts and conduct of the defendant the plaintiff is being deprived of the right of visit with his son and the son and the father are being deprived of the right of association with each other and being deprived of all rights as provided by the decree of the court heretofore alleged."

To this petition defendant directed the following special exception: "First: Defendant excepts to all of those portions of plaintiff's petition alleging at length and in various paragraphs of said petition that on the days mentioned, defendant and her mother either refused or made it difficult for plaintiff to visit and be with the said child of said marriage, Richard Bailey Ritch, and that this defendant in many other ways violated the provisions of the decree of the Criminal District Court of Kleberg County, Texas, awarding the custody of said child to her. Because such allegations, if true (the truth of which are not admitted, but denied), can not be the basis for a change or modification of the decree of said court vesting custody of said child in defendant but can only be the basis of contempt procedures before said Criminal District Court of Kleberg County, Texas, for such alleged violations of said decrees by defendant."

The trial court sustained the exception and upon plaintiff's refusal to amend dismissed the cause, from which order of dismissal G. L. Ritch has prosecuted this appeal.

It is well-settled law in this State that where the custody of a minor has been awarded to one of the parents in a divorce suit the other may, in a proper proceeding, have the question as to custody reviewed, if a showing is made that since the rendition of the decree conditions have so altered and changed that the welfare of the child requires a change of custody. 15 Tex.Jur. p. 675; McLeod v. McLeod, Tex.Civ.App., 9 S.W.2d 141; Keith v. Keith, Tex.Civ. App., 286 S.W. 534; Ex parte Garcia, Tex. Civ.App., 187 S.W. 410; Pearson v. Pearson, Tex.Civ.App., 195 S.W.2d 188.

The allegations of plaintiff's petition were sufficient, if sustained by the evidence, to have justified a court in changing the care and custody of the minor child, and therefore the court erred in sustaining the exception. McLeod v. McLeod, supra; Dimmitt v. Dimmitt, 167 Mo.App. 94, 150 S.W. 1107; Kelly v. Page, Tex.Civ.App., 186 S.W.2d 735; Albertus v. Albertus, 178 Iowa, 1124, 160 N.W. 830; Meffert v. Meffert, 118 Ark. 582, 177 S.W. 1.

The judgment is reversed and the cause remanded.