270 P.2d 437

**JEPPSON v. JEPPSON.**

No. 8056.

Supreme Court of Idaho.

May 7, 1954.

220

Donald R. Good, Blackfoot, Anderson & Anderson, Pocatello, for appellant.

McDevitt & McDevitt, Pocatello, for respondent.

PORTER, Chief Justice.

Appellant was granted a decree of divorce in this cause on March 2, 1950. By such decree the custody of James Theodore Jeppson, minor child of the parties, was awarded to respondent. On May 27, 1953, appellant filed her application praying the court to modify such decree and to award the custody of such child to appellant. An affidavit of resistance was filed by respondent. Upon the issues made trial was had to the court. Findings of fact and conclusions of law favorable to respondent were made by the court and judgment entered refusing to modify the decree and remanding the child to the custody of the father as provided in the decree. From such judgment, appeal has been taken to this court.

By her complaint in the divorce action, appellant prayed for custody of Cheri Marie, her minor daughter by a prior marriage, who had been adopted by respondent. Appellant also prayed that the custody of James Theodore should be awarded to respondent. The divorce was granted by default and the custody of the children awarded according to the prayer of the complaint. At such time James Theodore was three years of age; and Cheri Marie was about six years old.

Shortly after the divorce appellant went to Ogden, Utah, to attend school. On October 5, 1950, she was married to Earl G. King; and thereafter the Kings made their home in Salt Lake City until January, 1953. During the time she lived in Salt Lake City appellant visited her parents in Blackfoot on an average of once each three months. During this whole time, however, she visited her son on only three occasions, and for only a few minutes each visit. Practically all this time respondent and the child were living either in Blackfoot or Pocatello. The record does not disclose any letters, messages or gifts by the mother or any inquiry concerning the child. Earl G. King, the husband of appellant, was and is a stranger to the child.

In January, 1953, Mr. and Mrs. King moved to Little Rock, Arkansas, and have made their home there since such time. The husband has steady employment at a reasonable wage and appellant has acquired some monthly income of her own. The evidence shows that they maintain a good home, congenial home life and that the daughter, Cheri Marie, lives in the home. Appellant has recovered from her former nervous condition. At the time of the hearing Cheri Marie was about ten years of age and James Theodore was seven years of age.

Respondent was remarried in the fall of 1950 but such marriage was dissolved by divorce on March 10, 1953. He presently makes his home with his brother and sister-in-law who have children of approximately the same age as James Theodore. He is a pharmacist with steady employment and earns in excess of $400 per month.

The court found that at all times since custody was awarded to respondent, the child has had a good home and has had proper care and attention from respondent; that nowhere in the testimony does it appear that the child was neglected or abused; that such child now has an adequate, comfortable and loving home and is well cared for; and that the relationship between father and son is excellent and great love and affection is shown by each to the other,

The court found that James Theodore "is an attractive well-behaved youngster, obedient and respectful to all persons, and markedly shows the influence of good care, good attention and example and discipline."

The court further found that respondent is a fit and proper person to have the cus-

222

tody of said child; and that appellant is a fit and proper person to have the custody of said child, but that appellant, for more than three years past, has been a comparative stranger to said child, and her husband, Earl King, is a stranger to said child. The court also found "that the best interests and welfare of the said child, James Theodore Jeppson, will be served by a continuation of the custody by the father, Theodore Valentine Jeppson."

■ All these findings by the trial court are supported by ample and substantial evidence.

■ It appears to be the position of appellant that a change of conditions since the original decree having been shown and the court having found that both parties were fit and proper persons to have the custody of their minor son, the court erred in refusing to award the custody of the child to the mother. Appellant relies first upon the rule that "all other considerations being equal, a child of tender age, or a girl of even more mature years, can and will be reared, trained and cared for best by its mother." This rule is supported by Sauvageau v. Sauvageau, 59 Idaho 190, 81 P.2d 731; Krieger v. Krieger, 59 Idaho 301, 81 P.2d 1081; Hendricks v. Hendricks, 69 Idaho 341, 206 P.2d 523, 9 A.L.R.2d 617; Brashear v. Brashear, 71 Idaho 158, 228 P.2d 243; Richardson v. Richardson, 72 Idaho 19, 236 P.2d 718. However, in applying this rule the court must take into consideration not only the age and sex of the child but its prior custody and all other facts and circumstances affecting the welfare and best interests of the child. It is apparent the trial court did not find all other considerations were equal in this case and such rule applicable.

Appellant further contends that " 'It is well settled, however, that courts will not deprive the mother of custody of her child unless it is shown clearly that she is so unfit a person as to endanger the child's welfare' "; and that the court erred in not following such rule in awarding the custody of the child. In support of such rule, appellant cites Kirkpatrick v. Kirkpatrick, 52 Idaho 27, 10 P.2d 1057, 1058; Holden v. Holden, 63 Idaho 70, 116 P.2d 1003; Brashear v. Brashear, supra. In the Kirkpatrick case, this court quoted the foregoing rule from 19 C.J. 351. See also 27 C.J.S., Divorce, § 317. The court was dealing with the custody of a six year old female child where the homes of the father and mother were practically the same. In the Brashear case, we adverted to such quotation in the Kirkpatrick case without comment; and the decision was not based upon such rule. The Holden case does not consider the rule.

In Ruthruff v. Ruthruff, 52 Idaho 330, 14 P.2d 958, the rule in question was involved and the court held such rule does not necessarily mean the mother must be morally unfit as there are many elements of unfitness which may be considered. In the spe-

cial concurrence of Justice Leeper, the cases upon which the rule was founded and the extent and meaning of the rule are discussed at length. From such concurring opinion, 52 Idaho 330, at page 335, 14 P.2d 958, at page 959, we quote:

"The rule as usually framed in the decisions is that a mother will not be deprived of the custody of a child of tender years unless it clearly appears that the welfare of the child demands it. The rule itself is based upon the consideration that a mother is naturally better able and more inclined to give such a child that loving care and maternal attention which its tender age requires, and therefore the operation of the rule will usually be found to subserve the interests of the child. Three factors must enter into a determination of such a matter, i. e., the age of the child, its sex, and its welfare. This is the tenor of all the decisions cited in the Kirkpatrick Case."

It thus appears that the rule is not controlling where the welfare of the particular child will be best served otherwise.

■ We have many times adhered to the rule that the welfare of the child is the paramount consideration and controlling factor in determining its custody. Cornelison v. Cornelison, 53 Idaho 266, 23 P.2d 252; Roosma v. Moots, 62 Idaho 450, 112 P.2d 1000; Holden v. Holden, supra; Arkoosh v. Arkoosh, 66 Idaho 607, 164 P.2d 590; Fish v. Fish, 67 Idaho 78, 170 P.2d 802; Smith v. Smith, 67 Idaho 349, 180 P.2d 853; Maudlin v. Maudlin, 68 Idaho 64, 188 P.2d 323; Brashear v. Brashear, supra; Thurman v. Thurman, 73 Idaho 122, 245 P.2d 810, 32 A.L.R.2d 996.

■ Under Section 32–705, I.C., the disposition of the custody of minor children of divorced parents is initially committed to the sound legal discretion of the trial court and its judgment will not be disturbed unless such discretion is clearly abused. The same rule is applicable upon an application for modification of decree of custody. Donaldson v. Donaldson, 31 Idaho 180, 170 P. 94; Kirkpatrick v. Kirkpatrick, supra; Roosma v. Moots, supra; Fish v. Fish, supra; Smith v. Smith, supra; Maudlin v. Maudlin, supra; Hendricks v. Hendricks, supra; Brashear v. Brashear, supra; Thurman v. Thurman, supra.

This court has refused to disturb the award to the father of the custody of a child of tender years where the father was found to be better fitted than the mother to have such custody, on the ground that such action did not necessarily constitute an abuse of discretion. Olson v. Olson, 47 Idaho 374, 276 P. 34; Hendricks v. Hendricks, supra.

■ Appellant, if granted the custody of the child, intends to take such child to the State of Arkansas. We have recognized that the court may grant the custodian permission to take a child beyond the

jurisdiction of the court. However, such permission places the child beyond the reach of the orders of the court and may impair visitation rights. Such permission should only be granted where the welfare and best interests of the child clearly require it. Holden v. Holden, supra; Roosma v. Moots, supra; Anno. 154 A.L.R. 552.

 Appellant asks us to declare the trial court abused its discretion by refusing to award the custody of the child to the mother and to permit her to take it to Little Rock, Arkansas. Such action by the trial court would have placed the boy beyond the jurisdiction of the court and practically deprived the father of association with and right of visitation to his son. The boy would be deprived of his father's companionship, love and guidance. He would be removed from his companions and the school which he attends, and taken to new and strange surroundings. He would be under the care of his mother, practically a stranger for the past four years, and in the home of his step-father, a stranger. We cannot say the trial court abused its discretion under the facts and circumstances in this case in refusing to modify the original decree and in remanding the child to the custody of its father.

 Appellant complains that the trial court erred in sustaining an objection to the admission in evidence of the complaint of respondent in his divorce action against his second wife. In such complaint, there is an allegation that the defendant therein was not giving proper time and attention to the child. Appellant contends this was an admission against interest and admissible. Assuming such evidence was admissible, it was not of sufficient import that its rejection would require a reversal in this case.

The judgment of the trial court is affirmed. No costs allowed.

GIVENS, TAYLOR, THOMAS and KEETON, JJ., concur.