299 P.2d 479

Betty Faye SODERBURG, Plaintiff-Cross-Defendant and Respondent,

v.

Jerry Earl SODERBURG, Defendant-Cross-Plaintiff and Appellant.

Nos. 8395, 8418.

Supreme Court of Idaho.

July 5, 1956.

W. C. MacGregor, Jr., Grangeville, for respondent.

Wm. H. Foster, Grangeville, W. E. Sullivan, Boise, for appellant.

KEETON, Justice.

The parties to this proceeding were married January 18, 1952. There were born the issue of the marriage two children, Linda Gail, born April 6, 1953, and Amy Dianne, born September 10, 1954. At the time the divorce was granted on November 17, 1955, the parties were expecting another child to be born in December.

This action was commenced by respondent (wife) on July 21, 1955, to secure a divorce on the alleged grounds of cruelty, custody of the children and settlement of the property rights. The appellant (husband) answered, filed a cross-complaint and sought to secure a divorce on the grounds of extreme cruelty allegedly inflicted on him by respondent, custody of the children and a restraining order to enjoin the transportation of the children beyond the jurisdiction of the court and other relief.

On a trial of the issues the trial judge found and determined that respondent wife was not entitled to a divorce, granted appellant a divorce on his cross-complaint and found:

"* * * That the plaintiff and cross-defendant [respondent] frequently displayed unusual fits of temper, tantrums and lack of self control. * * *"

and

"* * * there was sufficient credible evidence to support the findings of the Court * * * and that such findings generally support the defendant and cross-plaintiff's Cross-complaint rather than plaintiff and cross-defendant's Complaint."

By the judgment entered the court awarded custody of the children to re-

spondent and granted her the right to take said children to her parents' home in Georgia; provided that the children should be returned to Idaho into the custody of appellant, under certain conditions, for the period of sixty days each year, and further ordered the husband to pay the wife $100 a month for the support of the children, and necessary medical expenses for the birth of the expected child, and divided the community property.

Subsequent to the granting of the divorce and awarding of the children to the mother, appellant advised the trial court in writing that he intended to appeal from the judgment to this Court and prayed for a restraining order to prohibit her from taking or removing the children beyond the jurisdiction of the court until the appeal could be determined. The trial judge denied the motion and vacated a temporary restraining order formerly issued.

From that portion of the judgment awarding respondent custody of the children and permitting her to take them to Georgia, support money, attorney fees and costs in the district court; from that part of the judgment dividing the community property; and from a subsequent order awarding plaintiff $500 attorney fees and $100 incidental costs on appeal, defendant and cross-complainant appealed.

After appeal was taken appellant made application to this Court for a restraining order to prohibit the removal of the children from Idaho pending the decision on appeal. This Court issued such restraining order under date of November 29, 1955, by the terms of which removal of the children beyond the jurisdiction of the court pending a determination of the appeal was prohibited. Before such restraining order could be served, respondent had left Idaho presumably for Georgia. The restraining order was therefore not served, but such order has never been dissolved or vacated.

In assignments of error appellant challenges certain findings as not supported by the evidence and particularly the finding that the best interest of the children will be served by giving the custody of them to the mother and permitting her to take them to her parents' home in Georgia; failure to make certain proposed findings is also assigned as error and appellant challenges as unreasonable, under the circumstances, presented, the amount awarded plaintiff for court costs and attorney fees. Other assignments of error when pertinent to a decision will be hereinafter discussed.

Basically, the contention of appellant is that the children should have been awarded to his custody; that the amount allowed respondent for attorney fees and costs is excessive; that the division of the community property should be revised, and that it was error to permit the children to be taken beyond the jurisdiction of the court.

In a memorandum decision prior to entering findings of fact, conclusions of law and judgment, the trial judge stated:

"The Court further is of the opinion that the evidence produced by the plaintiff is not sufficient to justify granting a divorce on her complaint, but does feel that the evidence supports the allegations of the cross-complaint with reference to granting a divorce on behalf of the defendant. A divorce will therefore be granted to the defendant and cross-plaintiff on his cross-complaint."

If the children were awarded to appellant he would take them to his parents' home in Idaho County. The parents are shown to be responsible, frugal, industrious, gentle people. They have a commodious, well furnished home and are financially able and willing to provide for and assist in the proper care and raising of the children.

The nature of the home of respondent's parents in Georgia was not shown except that respondent's father was ill and might be in need of financial assistance. Respondent also expressed a desire to take the children, if awarded to her, to her sister's home in Georgia. This request was, for sufficient reasons, denied. No penalty for violating this order appears, and by what procedure such an order can be enforced is not explained.

While the trial judge did not find the specific acts from which he concluded "that the plaintiff and cross-defendant [respondent] frequently displayed unusual fits of temper, tantrums and lack of self-control" due to emotional immaturity, an examination of the evidence discloses that respondent had on different and many occasions attacked appellant, once struck him across the nose with a case knife and on one occasion tore his shirt off, at different times slapped and kicked him, hit him with a stove poker, tore off the top of the parties' automobile, wilfully broke dishes, threatened to kill appellant, attacked him when he was in a store, screamed and hollored and slapped him in a public place, frequently used profane and indecent language, often in the presence of, or directed at, the children; also the parties were twice ejected from their rented apartment because of her unreasonable offensive conduct; there was also testimony that plaintiff did not, when necessary, change the wet and soiled clothing of the children; that the children for lack of changed diapers developed what was described as bottom rash. On one occasion respondent threw her shoes at the oldest child. The transcript is replete with evidence of her unreasonable and perpetual complaining, offensive conduct and actions, and exhibitions of her unbridled temper.

There was also the testimony of witnesses expressing opinions as to what disposi-

tion should be made for the best interest of the children. The main issue for determination presents the customary question of what provision is to be made for the custody of children of divorced or separated parents. The children themselves are not parties to the action but are the persons whose best interests and welfare are involved.

An extensive review of the authority covering similar situations would simply emphasize rules generally agreed to by all courts.

■ Generally, children of tender years, when a divorce is granted, all things being equal, should be awarded to the custody of the mother. Brashear v. Brashear, 71 Idaho 158, 228 P.2d 243, and cases therein cited.

■ The welfare of a child or children is a paramount consideration by which the courts should be guided in determining which of the parents should have the custody. Peterson v. Peterson, 77 Idaho 89, 288 P.2d 645; Brashear v. Brashear, supra; Maudlin v. Maudlin, 68 Idaho 64, 188 P.2d 323; Roosma v. Moots, 62 Idaho 450, 112 P.2d 1000.

■ Children of divorced and separated parents may be removed from the State in the judicial discretion of the court having jurisdiction. The court's discretion should not be exercised in favor of removal when it appears that it will not be in the best interest and welfare of the children, nor should such removal be permitted in contested cases until the judgment determining their custody has become final. Jeppson v. Jeppson, 75 Idaho 219, 270 P.2d 437. In the instant situation respondent should not have been permitted to remove the children from Idaho County pending the appeal.

■ It is only under extraordinary circumstances that a parent should be denied the right of visitations of a child. Wilson v. Wilson, 73 Idaho 326, 252 P.2d 197. For all practical purposes appellant was by the decree so deprived, through no fault of his, of the love, affection and companionship of his children. By the terms of the decree the child born in December (if as expected) probably could never know or even see its father.

The court expressly found that appellant is a fit and proper person to have the custody of the children and the evidence fully justifies this conclusion.

■ The finding of the court that the best interest of the children will be served by awarding custody and care to the mother and permitting her to take them to her parents' home in Georgia, and the finding that the home of respondent's parents is a satisfactory place to take the children are not supported by the evidence. There is no testimony as to the nature of the parents' home or that the parents of respondent de-

184

sired the children to live in their home, or are in a position to assist in anywise in their care. Further, it was not established that the children here in dispute, if awarded to the mother and taken to Georgia, would be brought up in a wholesome, moral atmosphere designed to predestine them to become good upright, law-abiding citizens.

■ By orders made prior to the trial in the district court and after appeal to this Court, the trial judge ordered appellant to pay respondent for attorney fees and costs a total sum of $923.80.

Appellant is a farmer and laborer by occupation, partially disabled from military service. While he is shown to be a temperate, hard-working, industrious person of gentle manner and habits, he is not shown to be able to pay any such sum. The money expended for this litigation would better have been spent for the support, raising, care and welfare of the children. Under the circumstances the amount allowed is excessive.

The judgment entered will be modified in the following particulars: The trial judge will order respondent to return the children to Idaho County within sixty days after the remittitur is filed and the expense of such return paid by appellant. If respondent refuses to return the children to Idaho County as directed, the trial court will enter judgment awarding their custody to appellant, subject to rights of visitation in respondent.

If respondent returns said children to Idaho County as directed the custody of the children will be left with her, subject to further orders of the court, and she, with the children, will be permitted to live in the home the parties occupied immediately before the divorce action was instituted, or other suitable place to be provided by appellant. If the children are returned to Idaho County they are to remain there subject to the discretion and further order of the trial court. Further, appellant will be given the right to see and visit said children and have them with him at all reasonable times and places, and if such times and places cannot be agreed to between the parties the same will be fixed by the trial court. The sixty-day custody period awarded to appellant and the division made of the community property will be affirmed. Attorney fees and costs allowed respondent will be reduced to $500 for all purposes. The order allowing respondent support money for the children while they are in her custody, subject to the provision that she properly care for them, will be affirmed. No costs allowed.

TAYLOR, C. J., ANDERSON and SMITH, JJ., and BAKER, District Judge, concur.