317 P.2d 344

**Mary LaDonna EMERSON, Plaintiff-Appellant,**

v.

**Gaylerd E. QUINN, Defendant-Respondent.**

No. 8512.

Supreme Court of Idaho.

Oct. 22, 1957.

Rehearing Denied Nov. 18, 1957.

Gee & Hargraves, Pocatello, for appellant.

360

Caldwell & Whittier, Pocatello, for respondent.

PORTER, Justice.

In the spring of 1955, appellant and respondent were living in Las Vegas, Nevada. On May 10, 1955, a decree was entered granting respondent a divorce from appel-lant. By stipulation of the parties the custody of the two minor children, Gaylene Quinn, aged 7, and Gloria Quinn, aged 4, was awarded by such decree to respondent. The decree also provided for the right of reasonable visitation on the part of appellant.

In September, 1955, the appellant sought modification of the divorce decree as to custody of the minor children. On January 20, 1956, the Nevada court modified the original decree to provide for temporary custody of the minor children in appellant for the months of July and August of each year.

In August, 1956, the children were in Pocatello in the custody of their mother. This action was then commenced wherein appellant sought to have the permanent care and custody of the children awarded to her. Thereupon respondent obtained a Writ of Habeas Corpus seeking to have the children returned to him. The two suits were consolidated and merged and were tried as one action. The trial court entered a decree awarding the complete care and custody of the two minor children to respondent, subject to reasonable visitation by appellant. From such judgment and decree, appellant has appealed to this court.

It is the position of respondent that the trial court was bound to give full faith and credit to the Nevada decree of May 10, 1955, and the modification thereof on January 20, 1956, and must enforce the same

as to the custody of the children unless conditions have changed since the entry of such decree and modification. Respondent contends that the evidence does not show any change in conditions justifying or requiring a change in custody of the children. Respondent did not seek to have the temporary custody of the children for the months of July and August taken from appellant. Respondent does not contend that the pleadings and evidence justified the trial court in such action, but, in effect, admits the trial court erred in this respect.

Appellant contends among other things, that the evidence shows such a change of conditions since the entry of the Nevada decree and modification thereof that the trial court abused its discretion and committed error in failing to award the custody of the two minor children to appellant.

At the time appellant signed the stipulation in the divorce matter agreeing that respondent might be awarded the custody of the two minor children, she was homeless and without any funds. The children were visiting their maternal grandparents in Pocatello. Appellant testified that at such time respondent and his attorney told her in effect that when she was in a position to care for the children, their custody would be turned back to her. She was not represented by counsel.

After the divorce was granted, appellant remarried and some four months later was divorced. Likewise in September, 1955, respondent remarried.

A short time after the divorce respondent took the children from Pocatello to Nampa, then to Utah, and then back to Nevada. Appellant was not advised of the location of the children but after continued search finally located them in a trailer house in a trailer court in Las Vegas, Nevada. Respondent moved the children from place to place for the undenied purpose of preventing appellant from exercising her right of visitation. The child, Gaylene, was registered in five different schools during the succeeding school year.

It is undisputed that prior to the divorce, the children had normal affection for their mother. When appellant found the children in a trailer park in North Las Vegas in October, 1955, the child, Gaylene Quinn, upon seeing her mother, threw her hands in the air, ran away screaming and hid in the bathroom. She would not come out to speak to her own mother. The child, Gloria, ran to her step-mother. On another visit, Gaylene refused to ride with her mother and ran home saying, "I do not ride with strangers." For a month Gaylene would not speak to her mother. Gloria said that the mother's gifts were thrown in the garbage by the step-mother. Respondent admitted that he told the children their mother was dead. He also admitted using the threat to return the children to their "other mother" as a disciplinary measure.

On one visit, Gloria told her mother "My Daddy and Mom says they're going to keep moving so you can't find us."

On one occasion respondent ordered Gaylene to come out of the trailer house and to tell her mother what Gaylene thought of appellant. The child was reluctant but upon the insistence of respondent, Gaylene said: "I hate your guts and I want you to quit coming around and seeing us and quit buying us things. * * * Furthermore, I am going to court for my Daddy and testify for him."

During the stay of the children with their mother in Pocatello during July and August of 1956, the children, particularly the older girl, showed that their prior affection for their mother had been gravely impaired. She told appellant that she was going back to her mother (step-mother) and that her Daddy said she could come home in two weeks if she wanted to and that she didn't have to mind appellant.

The conclusion is inescapable that respondent deliberately alienated the affections of the children from their mother.

Respondent works in heavy construction and lives with the children and with his wife, their step-mother, in a trailer house. At the time of the hearing in this matter, he was working and living in Salt Lake City, Utah. Appellant now makes her home with her parents in Pocatello. She is working. She has a good home with her parents where the children can be well housed and cared for in a new 3-bedroom home. This home is two blocks from public school, two blocks from dancing school and four blocks from church, with a nearby theater.

The trial court found that both parents were not unfit to have the custody of the minor children. The court did not find that appellant's proposed place of keeping the children was not fit and proper. There was no finding that the father was better suited or qualified to act as custodian of the children or that his home for them was superior to that of appellant.

We have recently held that a custodial parent who causes or permits estrangement or alienation of affection to develop between children and the other parent may be deprived upon such ground of custody of minor children of tender years. Thurman v. Thurman, 73 Idaho 122, 245 P.2d 810, 32 A.L.R.2d 996. In the Thurman case, 73 Idaho 122, at page 128, 245 P.2d 810, at page 814, we said:

"The acts and conduct of the custodial parent, resulting in the alienation of the love and affection which children naturally have for the other parent, is a vital and very serious detriment to the welfare of such children and is grounds for modification of the decree with respect to the custody. Johnson v. Johnson, 102 Or. 407, 202 P. 722; Delle v. Delle, 112 Wash. 512, 192 P. 966, 193 P. 569; Ritch v. Ritch, Tex.Civ.App., 195 S.W.2d 205; Rone

v. Rone, Mo.App., 20 S.W.2d 545; McLeod v. McLeod, Tex.Civ.App., 9 S.W.2d 141; Kaplun v. Kaplun, Mo. App., 227 S.W. 894; Meffert v. Meffert, 118 Ark. 582, 177 S.W. 1; Albertus v. Albertus, 178 Iowa 1124, 160 N.W. 830.

"Modification of a decree awarding custody of minor children to a parent who is a fit and proper person to have such custody is proper where it appears that the custodial parent has contrived to prevent the other parent from seeing and visiting such children in the manner and spirit provided for in the decree, and has shaken their love and affection for the other parent. Swenson v. Swenson, 101 Cal.App. 440, 281 P. 674."

■ The efforts of respondent to deprive appellant of her rights of visitation to the children and his obvious efforts to alienate the children from their natural mother together with the other changed conditions shown by the record are grounds for modification of the divorce decree as to custody.

■ It is well established that the welfare and best interests of the minor children are the matters of paramount importance to be considered by the court in determining to whom the custody of such children should be awarded. Rogich v. Rogich, 78 Idaho 156, 299 P.2d 91; Empey v. Empey, 78 Idaho 25, 296 P.2d 1028; Peterson v. Peterson, 77 Idaho 89, 288 P.2d 645; Application of Altmiller, 76 Idaho 521, 285 P.2d 1064; Jeppson v. Jeppson, 75 Idaho 219, 270 P.2d 437; Brashear v. Brashear, 71 Idaho 158, 228 P.2d 243.

Reasonable permanency of residence and opportunity to develop friendships with schoolmates and playmates and continued attendance at accessible schools, churches and recreational facilities tend to promote the best interests of minor children. Krieger v. Krieger, 59 Idaho 301, 81 P.2d 1081; Soderburg v. Soderburg, 78 Idaho 177, 299 P.2d 479.

■ Other circumstances being equal, the mother is generally preferred as custodian of young daughters. Jeppson v. Jeppson, supra; Thurman v. Thurman, supra; Richardson v. Richardson, 72 Idaho 19, 236 P.2d 718; Brashear v. Brashear, supra; Soderburg v. Soderburg, supra.

We are of the opinion that under the evidence in this case the trial court abused its discretion and committed error in failing to award the care and custody of the minor children, Gaylene Quinn and Gloria Quinn, to appellant and in awarding such custody to respondent.

The trial court having awarded the custody of the minor children to respondent, did not make a finding in the matter of providing for the care and maintenance of the minor children.

The judgment of the trial court is reversed and the cause remanded with direc-

tions to vacate the judgment awarding the custody of the minors, Gaylene Quinn and Gloria Quinn, to respondent, and to enter a judgment awarding their care and custody to appellant with reasonable rights of visitation by respondent. The trial court shall also find the reasonable amount necessary for the support and maintenance of such minor children, and shall take additional evidence if necessary to so find, and shall make an award of such amount against respondent and in favor of appellant. Costs awarded to appellant.

KEETON, C. J., and TAYLOR and SMITH, JJ., and BAKER, District Judge, concur.

McQUADE, J., not participating.

### On Petition for Rehearing

■ In his petition for rehearing, respondent complains that the decision of this court awarding the custody of the minor children to appellant is based in part upon matters which took place prior to the entry of the modification decree on January 20, 1956. Respondent alleges that by considering such evidence this court failed to give full faith and credit to the Nevada decree; and alleges further, that in considering whether a change of conditions had occurred justifying a change of custody, the court could not consider evidence of matters occurring before such modification decree was entered.

The evidence of matters occurring prior to such modification decree bearing upon the alienation of the affection of the children was admitted without objection. It showed the beginning of a course of conduct by respondent which continued and brought about the present serious impairment of the affection of the children for their mother. Furthermore, respondent by his evidence, admitted without objection, also went into considerable detail as to acts and conduct of appellant affecting the right to have the custody of the children which occurred prior to such modification decree.

The decision of this court in no way denies full faith and credit to the Nevada decree, as no issues litigated in Nevada are reconsidered or redetermined by this court.

■ The evidence of which complaint is made having been admitted without objection is in the case for all purposes and may not be ignored. The general rule is laid down in 88 C.J.S. Trial § 150, page 294, as follows:

"Evidence to which no objection is made is properly in the case for all purposes and may be considered, although it would have been excluded had objection been made; such evidence is entitled to its full and natural probative effect."

In Naccarato v. Village of Priest River, 68 Idaho 368, at page 372, 195 P.2d 370, at page 373, we said:

"Evidence introduced without objection stands as evidence in the case for all purposes. Angelus Securities Corp. v. Chester, 128 Cal.App. 437, 17 P.2d 1016; Hamlin v. University of Idaho, 61 Idaho 570, 574, 104 P.2d 625. And the same is sufficient to support a finding. Powers v. Board of Public Works, 216 Cal. 546, 15 P.2d 156."

The petition for rehearing is denied.

KEETON, C. J., and TAYLOR and SMITH, JJ., and BAKER, D. J., concur.