Thyra Nichols PLASS, and husband, Gilbert Norman Plass, Appellants,

v.

Louis G. LEITHOLD, Appellee.

No. 7708.

Court of Civil Appeals of Texas, Texarkana.

March 29, 1966.

Rehearing Denied April 26, 1966.

William A. McKenzie, Dallas, for appellants.

J. Glenn Turner, Jr., Turner, Atwood, Meer & Francis, Dallas, for appellee.

FANNING, Justice.

This case presents questions for decision where adoptive parents are involved in what we hold to be child custody litigation but which was tried by the trial court on the theory that the issue was not custody but only one of visitation. (For previous litigation between the parties see Plass, et vir v. Leithold, Tex.Civ.App., 381 S.W.2d 580, where appellants' application to change the name of the minor from Leithold to Plass was denied.)

Appellee, Louis C. Leithold, and appellant, Mrs. Plass, his former wife, were divorced by valid decree of an Arizona court on March 19, 1962. During the marriage, a boy, Gordon Marc Leithold, born Feb. 6, 1959, was legally adopted pursuant to decree of the Arizona court of Oct. 9, 1959. The Arizona court, in the 1962 divorce decree, after reviewing the evidence during two years of hearings including the report of a psychiatric examination of appellee, awarded the permanent care, control and custody of the boy to appellant Mrs. Plass (then Mrs. Leithold) and providing visitation rights to appellee as follows:

"It is further ordered that the permanent care, custody and control of the minor child of the parties, Marc Leithold, is awarded to the plaintiff (Thyra P. Leithold) with visitation rights in the defendant (Louis C. Leithold) as follows:

1. At all times that the child Marc is within the State of Arizona, the defendant shall have the privilege of temporary custody of Marc, without the supervision, following or interference of the plaintiff, her friends, agents, or employees, on Saturday of each week between the hours of 10:00 A.M. and 3:00 P.M. The term 'temporary custody' shall include the privilege of taking Marc from the home of the plaintiff but not beyond the limits of Maricopa County. Should the defendant desire to remain with Marc in the family home, he shall have the privilege of the use of a suitable room as well as all yard facilities surrounding the home for visitation purposes in accordance herewith.

2. At all times that Marc is outside the limits of the State of Arizona, which privilege shall be the plaintiff's, she shall notify the defendant of her plans to leave the State at least five (5) days before she departs. Whether Marc is within or without the State of Arizona, plaintiff shall keep the defendant notified of Marc's address by written notice to defendant's attorney, John B. Marron. During her absence from Arizona, the defendant shall have the privilege of visitations with Marc, without the supervision, following or interference of the plaintiff, or her friends, agents or employees.upon five (5) days' written notice prior to the date selected by the defendant for such

a visitation. The defendant's rights of visitation shall be between the hours of 9:30 A.M. and 4:00 P.M. on any one day of each week selected by the defendant by written notice as afore-mentioned. In lieu of such one-day visitation during any week, the defend-ant shall have from 9:30 A.M. to 4:00 P.M. on each day the right to a visitation on two consecutive days fol-lowed by a subsequent visitation of two consecutive days of like hours, provid-ed the two period of consecutive day visitations are separated by a 24-hour period free of visitation. Such a series of two (2) two-day consecutive visita-tions may not occur, however, more than once in any consecutive 90-day period. Provided, however, that dur-ing the balance of such a consecutive 90-day period the defendant shall be allowed his normal weekly one-day visitations, except that after the last visitation of two (2) consecutive day visitations there shall be no visitation for the succeeding six (6) days. All visitations under this provision shall be within the city limits of the City of Pekin, Illinois, so long as the residence of the plaintiff is in the Town of Green Valley Illinois, or in transit be-tween the Town of Green Valley and the City of Pekin."

On June 1, 1965, Louis C. Leithold in-stituted suit in the Juvenile Court of Dallas County, Texas, against Thyra Nichols Plass (formerly Thyra Leithold) and her present husband Gilbert Norman Plass, seeking among other things a modification of the Arizona custody decree. The pleading while styled "Application for Modification of Visitation and Custody", is in effect an application for change of custody as clear-ly evidenced by its allegations and its pray-er. We quote from appellee's said applica-tion in part as follows:

"That at the time said Judgment and Decree was entered both Plaintiff LOUIS C. LEITHOLD and Defendant THYRA NICHOLS PLASS were resi-dents of Tucson, Arizona; but that since time conditions and circumstances have materially changed inasmuch as Plaintiff presently resides in Malibu, California, and Defendant THYRA NICHOLS PLASS resides with said child in Dallas, Texas; that the above-quoted provisions are wholly unsuitable since Plaintiff is separated from said child by several hun-dred miles and is unable to visit said child as above provided; and such changed conditions and circumstances render it necessary and advisable that the provisions for the custody and control of said child made in said Judgment and Decree be reviewed by this Court and that such *provisions therein pertaining to the custody and control of said child* be reviewed by this Court and that the Court alter and change such Judgment and Decree, *granting to Plaintiff the cus-tody and control of said child* from June 15 through September 1 of each year hereafter commencing with the year 1965 and that during such period Plaintiff be allowed to take said child with him to his home in Malibu, California; that it will be to and for the best interest of said minor child that the former decree con-cerning his custody be modified so as to grant the Plaintiff custody as aforesaid." (Emphasis added.) * * *

"WHEREFORE, premises considered, Plaintiff prays that Defendants THYRA NICHOLS PLASS and GILBERT NORMAN PLASS be cited to appear herein and upon final hearing hereof this Court grant the following relief:

1. That the aforesaid Judgment and Decree be *modified* so that Plaintiff be given *custody and control* of Gor-don Marc Leithold from June 15 to September 1 of each year hereafter commencing with the year 1965, and during such period of each year Plain-tiff shall have the right to take said child to his home in Malibu, Califor-nia;" (Emphasis added.)

Appellants denied that there were any subsequent material changes of condition or

circumstances which would authorize a change of the custody provisions of the Arizona divorce decree.

Trial was to the court without the aid of a jury. Despite the pleadings, and the objections of appellants' counsel that it was a child custody case where the proof of subsequent material changed conditions was requisite to modify the Arizona custody decree, the trial court refused to consider the case as one of custody but dealt with it as one of visitation only. In this connection, we quote from the record in part as found in footnote 1 below.

The trial court's judgment reads in part as follows:

"IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED that the Plaintiff Louis C. Leithold shall have visitation with his minor son, Gordon Marc Leithold, in his home in Malibu, California, from September 2 to September 12, 1965, and for a two-week period of each year hereafter commencing with the year 1966. Defendants are ordered to deliver up said child to the Plaintiff on the date each period of visitation commences hereunder. Plaintiff shall pick up said child in Dallas and return him at the close of such visitation.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Plaintiff Louis C. Leithold post a cash bond in the amount of $500.00 with this Court conditioned upon his returning said child to the jurisdiction of this Court at the close of each period of visitation.

---

1. "Q. All right. Now, how are—how are the best interests not served by the child being in her custody?

MR. HARTNETT: Your Honor, I am going to object to that.

THE COURT: Counsel, this is not a question of custody. It is a matter of visitation now, and I don't see any reason in going into this.

MR. McKENZIE: Well, Your Honor, he is seeking custody. His pleadings ask for a change of custody.

THE COURT: I think he is seeking visitation, and not custody.

MR. McKENZIE: That is not what he asked for.

THE COURT: Well, I am going to ask you not to go into this line of questioning further; go ahead with your questions.

＊　＊　＊　＊　＊

MR. McKENZIE: All right. Now, in that regard, Your Honor, I am entitled to go into this other matter.

THE COURT: Well, I don't think you are, and I am going to instruct you not to do so. I think this is a matter of visitation, and not custody. As I say, there is a fine line of distinction between what is visitation and what is custody, but I think he is only seeking a period of visitation.

MR. McKENZIE: But, Your Honor please, and I don't mean to be argumentative with the Court, that is not what his pleadings state; his pleadings state that he is seeking to modify and change the custody, and that is what his testimony is.

THE COURT: All right. Well, as I say, I am going to consider the matter as a question of visitation, and not as a change of custody; so I will ask you then not to go into the custody question. You may have your exception for the record.

＊　＊　＊　＊　＊

THE COURT: Well, I think we can clarify the matter by this; that the Court is construing the petition as a request to modify and change the provisions of visitation as specified in the divorce decree. Now, there are some cases that hold that any visitation constitutes custody because during the period of visitation the child, of course, is in the custody and control of the parent with whom he is visiting. Now, I am going to construe it as a modification of the visitation, and not custody. Does that clarify the question as far as you are concerned, Counsel?

MR. McKENZIE: Yes, Your Honor. I understand what Your Honor says. I also know that the petition and the pleadings ask for a modification of custody, and further that the—

THE COURT: (Interposing) Regardless of whether the petition may call it custody, now, I am construing it as visitation, and *any order that I may enter here will deal with visitation and not change of custody.* (Emphasis added.)

MR. McKENZIE: All right, Your Honor. If you will, note our exception, please.

THE COURT: All right."

**448**

Said bond shall be posted before such visitation begins and shall be returned to Plaintiff at the end of each visitation period."

The Plasses have appealed from the judgment. The Dallas Court of Civil Appeals (prior to the case being transferred to this Court) on application of appellants, entered its order staying the portion of the judgment of the trial court providing for visitation from Sept. 2 to Sept. 12, 1965, pending final determination of the cause and denied the remainder of appellants' said application.

In Glasgow v. Hurley, Tex.Civ. App., 333 S.W.2d 658, n. w. h., a father obtained judgment in the trial court changing visitation privileges from two weeks to four weeks in the summer. The appellate court in reversing the trial court stated the father had neither pled nor proved a change of conditions necessary to modify the previous custody decree and in reply to the contention that the order was merely a change in visitation privilege and not a change in custody, the court stated in part as follows:

"We are unable to agree with appellee that his pleadings and the judgment here appealed from involve only a mere change in visitation privileges and not a change in custody. We shall not attempt to point out the exact dividing line distinguishing a change in visitation from a change in custody. But we have no doubt that this case involves a change in custody and not a mere change in visitation privileges regardless of the terminology used in appellee's pleadings and in the judgment. In his pleadings appellee asked that instead of having the boys in his care and custody only part of one day each month and two weeks each summer, the order be changed so that he could have the boys in his care and custody each week from 7:00 o'clock p. m. on Friday until 9:00 o'clock p. m. on Sunday, and that he have them for a week every year at Christmas time and

for two months every summer. *Though appellee did not obtain all that he pled for, the judgment did grant him a substantial modification of the last custody order.* (Emphasis added.) Call it by what name you will the substance and effect of appellee's pleading and of the judgment is to modify custody."

We hold that the judgment of the trial court changed and modified the original Arizona divorce decree with respect to the custody of the minor boy. It is clearly apparent that the trial court tried and decided the case upon the erroneous theory that it was merely a question of the modification of visitation and that a modification of custody was not involved.

The recent case of Bukovich v. Bukovich, Tex., 399 S.W.2d 528, 1966, contains an excellent and comprehensive review of the leading authorities applicable to some of the law questions here involved. We quote from Bukovich v. Bukovich, supra, in part as follows:

"We granted Petitioner's application for writ of error upon points of error asserting, in effect, that there was no evidence to support the jury finding of a change of conditions, and that the Court of Civil Appeals erred in not giving full faith and credit to the Indiana decree. We are of the view that a material change of conditions was not shown and therefore reverse the judgments below.

"The courts of Texas will give full faith and credit to a child custody decree of a sister state and will not order a change of custody in the absence of proof of a subsequent material change of conditions. Short v. Short, 163 Tex. 287, 354 S.W.2d 933; Wicks v. Cox, 146 Tex. 489, 208 S.W.2d 876, 4 A.L.R. 1; Goldsmith v. Salkey, 131 Tex. 139, 112 S.W.2d 165, 116 A.L.R. 1293. However, proof of a material change of conditions since the decree of the sister state will support a change of custody if such would be for the best interest of the child. Cf. Short v. Short, supra; People of the State of

New York ex rel. Halvey v. Halvey, 330 U.S. 610, 67 S.Ct. 903, 91 L.Ed. 1133 (1948); see Stumberg, Principles of Conflicts of Law, 3d ed., pp. 319–326 (1963). A change of conditions being shown, the question becomes whether or not a change of custody is warranted, and this is a question within the discretion of the trial court whose action will not be disturbed in the absence of an abuse of discretion. Cf. Mumma v. Aguirre, 364 S.W.2d 220 (Tex.Sup. 1963); Taylor v. Meek, 154 Tex. 305, 276 S.W.2d 787. At the time it is entered, a custody judgment is res judicata of the question of the best interest of the child. Taylor v. Meek, supra. The fact that the technical legal domicile of the child may be in another state does not preclude child custody jurisdiction in our courts. Wicks v. Cox, supra; Campbell v. Stover, 101 Tex. 82, 104 S.W. 1047.

"The initial question, then, is whether a material change of conditions was shown to have occurred between December 2, 1963, the date of the Indiana decree, and the instant proceedings which were filed on January 10, 1964. *The controlling considerations are those changes of conditions affecting the welfare of the child. The desires, acts and claims of the respective parents are secondary considerations and material only as they bear upon the question of the best interest of the child.* See Goldsmith v. Salkey, supra; Shippen v. Bailey, 303 Ky. 10, 196 S.W.2d 425 (1946); McMillin v. McMillin, 114 Colo. 247, 158 P.2d 444, 160 A.L.R. 396 (1945). *All that is shown here in the nature of a change of conditions since the decree of the Indiana court relates to the prospective improvement in the circumstances of Respondent.*

\*   \*   \*   \*   \*   \*

"*The facts here shown do not make the exceptional case which is prerequisite an exercise of jurisdiction by the courts of Texas to the extent of a new and independent determination of child custody rights.*" (Emphasis added.)

The trial court did not make any specific finding in its judgment to the effect that there were any material changes of conditions subsequent to the Arizona decree. The trial court, from the record before us, took the view that the question of change of custody was not involved, and may not have actually intended to make any implied finding as to whether there were any material changes of conditions subsequent to the Arizona divorce decree. However, be that as it may, no findings of fact or conclusions of law were filed or requested, and it is contended by appellee that the trial court impliedly found material changes of conditions in support of its judgment.

Irrespective of whether the trial court's judgment can be construed as impliedly finding in support of the judgment, that there were material changes in conditions subsequent to the Arizona decree which authorized *a change of custody,* it is our view that there was no evidence of probative force to support such an implied finding and that the trial court erred in not giving full faith and credit to the Arizona decree.

■ Appellee at the trial testified as to the following conditions at the time of the divorce in Arizona in 1962:

Appellee was living in a two bedroom apartment in Phoenix, Arizona.

Appellee's income was in excess of $7,-500.00 annually.

Appellee was living in Phoenix, Arizona, while Appellant was residing in Pekin, Illinois, with the minor child, having moved from Phoenix six (6) months prior to the divorce with the full knowledge of Appellee and having secured permission of the Arizona Court before moving to Illinois.

The boy was three years of age.

Testimony in Court revealed that the distance from Phoenix, Arizona, to Pekin, Illinois, is 1,800 miles, while the distance from Los Angeles, California, to Dallas, Texas, is approximately 1,500 miles.

Appellee further testified in Court as to the following conditions at the time of his Application for Modification of Visitation and Custody:

(1) Appellee was now residing in a three bedroom apartment.

(2) Appellee's present income is $7,800.00 annually.

(3) Appellee resides in Malibu, California, a short distance from Los Angeles, California, while Appellant and the minor child reside in Dallas, Texas.

(4) The boy is now six and one-half (6½) years of age.

In regard to any other change of condition, the Appellee testified to the factors which he considered to be a change in circumstances, as follows:

"Q. Now, insofar as a change of circumstances is concerned, the only change in circumstances that we have before the Court is the fact that the child is older; from being one year to being six years old. And the fact that you live in different places at this time, but practically the same distance away from each other as you did at the time for the former decree?

A. No, there are more change of circumstances.

Q. All right. What are the other changes?

A. Well, I think one of the main ones is the denial of Mr. and Mrs. Plass to recognize me as the boy's father; denying me, forcing me to go to tremendous expense to get even the visitation that was stipulated; denying me the right to talk to my son on the phone; making it very difficult for me to have any contact with the son; denying, not giving my son the correspondence that I send to him; using another name other than my son's name when he goes to school and goes to church. I think those are very important circumstances, and also I think the fact that he is now six and a half years old is an extremely important circumstance, because the boy is now old enough that he can enjoy being with me, and I can take care of him."

Since the time of the Arizona divorce the adoptive mother married Mr. Plass on Oct. 6, 1962, and she and her husband moved to Dallas in 1963. Mr. Plass is a Professor, the Plasses have also adopted a girl, have a very nice home, are in a comfortable financial situation, and the minor boy Marc has unusually nice family surroundings in Dallas, where he has also a fine school situation.

In Leonard v. Leonard, Tex.Civ.App., 218 S.W.2d 296, n. w. h., the court laid down a criteria for the requisite material change of conditions, stating:

"Material change of conditions which will require a modification of a decree as to the custody of a child is ordinarily such as (1) Marriage of one of the parties. (2) Poisoning of the mind of the child by one of the parties. (3) One of the parties becoming an improper person for the custody. (4) Change in the home surroundings. (5) One of the parties becoming mean to the child, or some other similar material change of conditions. McLeod v. McLeod, Tex.Civ.App., 9 S.W.2d 141; Ritch v. Ritch, Tex.Civ. App., San Antonio, 195 S.W.2d 205; Cox v. Ueblacker, Tex.Civ.App., 197 S. W.2d 146; Watts v. Rutledge, Tex.Civ. App., 211 S.W.2d 995; Thompson v. Haney, Tex.Civ.App., 191 S.W.2d 491."

Applying the criteria of the Leonard case we find (1) only that appellant Mrs. Plass has remarried and that such re-marriage has unquestionably provided a better environment for the minor boy; (2) there is no competent evidence of probative force to support a conclusion that Mrs. Plass was poisoning the mind of the minor boy, Marc, against his adoptive father, the appellee— in this connection incompetent hearsay which might have caused the appellee to reach this conclusion in his own mind is not

competent evidence of probative force to support such a conclusion; (3) there is no testimony showing Mrs. Plass to be an improper person, the testimony is to the contrary; (4) there has been no material change in the home surroundings of appellee and the home surroundings of appellant Mrs. Plass, who has re-married, are even better than they were at the time of the Arizona decree; and (5) there is no testimony that appellant Mrs. Plass is mean to the child, in fact the record is to the contrary and indicates that she is a fine mother.

We hold that appellee failed to sustain the burden cast upon him to show that such a material change of conditions had occurred subsequent to the Arizona decree that the best interest of the minor boy required the change of custody granted by the trial court.

While the trial court under this record could have undoubtedly entered a true visitation order, such as granting the appellee-adoptive father reasonable visitation rights with the child in Dallas, Texas, where the child now resides, it is our view that the judgment entered by the trial court allowing the appellee-adoptive father to take the child from Texas to Malibu, California, and to keep him therefor the 10-day, and later two-week periods specified, was not a judgment merely allowing visitation, but in truth and in fact was clearly a change in custody, which change of custody we hold was not warranted under the record in this cause. Appellants' points are sustained.

Since this cause was obviously tried and decided upon the erroneous theory that the issue was visitation and not change of custody and since the appellee-adoptive father would at least be entitled to an order allowing reasonable visitation rights with the minor boy in Dallas, Texas, where the child now resides, it is our view that the cause should be reversed and remanded, rather than being reversed and rendered.

Reversed and remanded.